AUTO ACCEPTANCE CORPORATION *v.* JOSEPH VENEZIANO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6112-1222

Argued September 16—decided November 20, 1963

*Theodore A. Lubinsky,* of West Hartford, for the appellant (defendant).

*Arthur M. Lewis,* of Hartford, for the appellee (plaintiff).

PER CURIAM. The plaintiff's motion to dismiss the appeal is for failure to serve appeal papers as required by §§ 951 and 80 of the 1963 Practice Book.

On July 3, 1963, judgment was rendered for the plaintiff for money damages. On July 12, 1963, the defendant filed his appeal but failed to serve opposing counsel with appeal papers as required by the rule. On July 31, 1963, through a conversation with the clerk's office, the plaintiff learned that appeal papers had been filed. On August 1, 1963, the defendant made service of the appeal papers on counsel for the plaintiff, and the plaintiff, on that date, made its motion to dismiss for the reason stated above.

Both parties in their briefs and arguments cite *Ide* v. *Crown Super Market of New Haven, Inc.,* 23 Conn. Sup. 253, decided January 22, 1962. Subsequent to this decision, the rule (now Practice Book, 1963, § 951) was amended, effective October 15, 1962, to read in part as follows: "Service of all appeal papers shall be made by counsel in the manner set forth in . . . [Sec. 80 (Rules for the Superior Court)] within forty-eight hours after" they are filed with the clerk. Thus, what is a reasonable time in which to serve appeal papers is no longer open to question.

Section 976 of the 1963 Practice Book states that a motion to dismiss an appeal "shall be filed within

ten days after the ground for dismissal arose, provided that any motion based on lack of jurisdiction or failure to prosecute with proper diligence may be filed at any time." The plaintiff maintains that it acted promptly upon learning that an appeal had been filed, and with this we agree, but the ground for dismissal arose at the time the appeal was filed on July 12, 1963, or at least within forty-eight hours thereafter, and not on July 31, 1963. Where an appeal properly lies, but there has been a failure to follow the requirements of the statutes or rules, the appeal is ordinarily not void, but voidable. The alleged defect does not involve a jurisdictional question. "The defect amounts to no more than one of form which requires challenge, if at all, within ten days after the filing of the appeal." *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 75; Maltbie, Conn. App. Proc. §§ 275, 277. In the instant case, the plaintiff's motion, not being filed within ten days after the ground for dismissal arose, must fail since it was addressed neither to lack of jurisdiction nor to failure to prosecute with proper diligence. Had the plaintiff inquired at the clerk's office after the two-week period allowed for appeal (Practice Book, 1963, § 952) had elapsed, and had it filed its motion within ten days after the date when the ground for dismissal arose, it might well have prevailed. See *DeQuattro* v. *Beebe,* 2 Conn. Cir. Ct. 195.

The motion to dismiss is denied.

KINMONTH, JACOBS and LEVINE, Js., participated in this decision.