MATHEW B. WHITEHEAD ET AL. *v.* TOWN OF EASTFORD

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 11-664-2046

Argued August 28—decided December 8, 1967

*Robert E. Pritchard,* of Hartford, for the appellant (defendant).

*Charles S. Tarpinian,* of Willimantic, for the appellees (plaintiffs).

PER CURIAM. The plaintiffs have moved to dismiss the defendant's appeal for two reasons: (1) failure to serve appeal papers as required by §§ 951 and 80 of the Practice Book; and (2) failure to request a finding in accordance with § 957 of the Practice Book, and thus, in the absence of a finding, making impossible a review of the conclusions reached by the trial court.

On May 26, 1967, a memorandum of decision was filed by the court, resulting in a judgment for the plaintiffs. The adjudication followed a suit and

trial against the defendant town by the plaintiffs, as taxpayers, for the recovery of taxes alleged to have been illegally assessed and unlawfully exacted. On June 8, 1967, the defendant's appeal was timely filed with the clerk; Practice Book § 952; but the defendant did not serve the appeal papers upon opposing counsel within forty-eight hours after such filing as required by Practice Book § 951. This time limitation was imposed by way of amendment to the rules, effective October 15, 1962, thus superseding the former practice that, inasmuch as the rules (before amendment) did not specify the time within which service was to be made, it must be permitted to be made within a reasonable time. *DeQuattro* v. *Beebe,* 2 Conn. Cir. Ct. 195, 196; *Auto Acceptance Corporation* v. *Veneziano,* 2 Conn. Cir. Ct. 196, 197; *Ide* v. *Crown Super Market of New Haven, Inc.,* 23 Conn. Sup. 253, 255, 1 Conn. Cir. Ct. 190, 192.

On June 22, 1967, the defendant filed its assignment of errors, which was properly served on counsel for the plaintiffs. No finding of fact had been requested or made by the court, and the assignment was limited only to errors apparent on the face of the record.

The only question presented to us, in argument and on the brief of the plaintiffs (the defendant having filed no brief), was whether the appeal should be dismissed because of failure of service as alleged in paragraph one of the motion to dismiss. The appeal was not argued on the merits and the assignment of errors was not before us for consideration. We are therefore of the opinion that the second ground of the motion does not require our decision. See, e.g., *Farrell* v. *Spangle,* 151 Conn. 709, 710; *Phoenix Ins. Co.* v. *Carey,* 80 Conn. 426, 433.

The defendant has failed to comply with § 951 of the Practice Book in not serving a copy of appeal within forty-eight hours after it had been filed with the court clerk, and, the plaintiffs having timely filed their motion to dismiss in compliance with § 976, the motion should be granted on the first ground stated in the motion.

The appeal is dismissed.

KOSICKI, KINMONTH and MACDONALD, Js., participated in this decision.