ANNABELLE KRAUS ET AL. *v.* EMIL KLEE ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 11-663-1987

Submitted on briefs December 4, 1967 —decided March 8, 1968

*Charles S. Tarpinian,* of Willimantic, on the brief for the appellants (plaintiffs).

*Nicholas G. Sarantopoulos,* of Danielson, on the brief for the appellees (defendants).

STAPLETON, J. This action was instituted in fifty-eight counts brought by fifty-eight taxpayers and/or citizens of the town of Eastford, each claiming a penalty fee of $50 against the majority members of the board of assessors of the town under § 12-170 of the General Statutes.[1] Section 12-170 reads in part as follows: "Each assessor . . . who does any unlawful act . . . connected with the . . . assessment . . . of any tax, shall forfeit fifty dollars to the person aggrieved thereby . . . ." The case was presented to the trial court on a stipulation of facts. The sole question for determination is whether each of the remaining plaintiffs herein, many of the plaintiffs having withdrawn prior to judgment, is aggrieved within the meaning of the statute.

The stipulation filed November 15, 1966, consists only of four paragraphs, and paragraph four provides that "the memorandum of decision dated 12-20-65, the complaint, and the judgment in Supe-

---

[1] "Sec. 12-170. PENALTY FOR OFFICIAL MISCONDUCT. Each assessor, member of the board of tax review, selectman, committee or collector, who does any unlawful act or omits to do any necessary act connected with the levy, assessment or collection of any tax, shall forfeit fifty dollars to the person aggrieved thereby, to be collected by such person in an action on this statute; and each collector who charges or receives any illegal fees shall, in addition to said sum of fifty dollars, also forfeit double the amount of such illegal fees to the person aggrieved, to be collected as aforesaid."

rior Court case No. 13168 be admitted as full exhibits." In view of the stipulation, no testimony was offered on either side, and after judgment for the defendants the many remaining plaintiffs have appealed to this court.

From the aforesaid exhibits, as presented, the following facts appear: On or about February 23, 1965, the defendants Emil Klee and George Chilkott constituted the majority members of the board of assessors of the town of Eastford. In preparing the 1964 grand list for the town, they used varying percentages of assessment. The third member of the board of assessors refused to go along with this procedure and made known his objections to the majority members of the board. No evidence of fraud or criminal intent is found in connection with the operations of the majority members of the board. On June 23, 1965, in a memorandum on a motion for a temporary order of mandamus in *John B. Sullivan, State's Attorney* v. *Joseph S. King,* Superior Court, Windham County, No. 13118, the court *(Barber, J.)* found that a method using varying percentages of assessment for the 1964 grand list was used and that the method did not comply with the mandate of §§ 12-64 and 12-71 of the General Statutes and "was improper and must be discredited." Notwithstanding this memorandum, the April budget meeting of the town of Eastford adopted a tax rate based upon the erroneous grand list with varying percentages, and subsequent thereto the first half of the town taxes were collected by the collector of the town. Thereafter, another action was instituted in the Superior Court seeking, on behalf of many taxpayers, (1) a declaratory judgment that the assessment list of 1964 is unlawful, and (2) an injunction against the town from collecting the second payment of taxes, due and payable January 1, 1965. *Kraus* v. *Eastford,* Supe-

rior Court, Windham County, No. 13168. On December 20, 1965, the Superior Court *(Loiselle, J.)* issued a memorandum of decision granting the declaratory judgment and declaring the action of the majority members of the board of assessors illegal and the assessment of taxes on the 1964 grand list of the town of Eastford unlawful. The second prayer for relief in the action, asking for an injunction, was denied, the court stating that "the parties do have a remedy at law even though such remedy may be cumbersome." The court, in its memorandum, further suggested that one of the legal remedies would be to pay the tax under protest and recover the payment by legal action. In another separate action brought to the Circuit Court in the eleventh circuit, *Whitehead* v. *Eastford,* No. CV 11-664-2046, some twenty-seven taxpayers obtained a judgment against the town of Eastford granting reimbursement of taxes paid because of such unlawful assessment. An appeal to this court was dismissed on procedural grounds, and the substantive questions raised in the court below were not determined. *Whitehead* v. *Eastford,* 5 Conn. Cir. Ct. 20.

The plaintiffs in the case at bar have alleged in the several counts of their complaint that they are aggrieved by the action of the assessors, and this was denied in the defendants' answer. The plaintiffs apparently believed that the history of the litigation set forth above was all that they were required to prove to qualify as aggrieved persons. The plaintiffs' motion to correct the finding by adding a paragraph "that [the assessors] in violating Section 12-64 and Section 12-71 of the General Statutes caused the plaintiffs pecuniary loss," and by adding to the finding certain other conclusions, was properly denied.

The defendants assigned error in the refusal of the court to strike from the finding a transcript of

certain testimony taken in the first Superior Court case, *Sullivan* v. *King*, supra. This constituted error, since the transcript should not have been added to the finding.

The trial court adopted as its finding for the appeal the stipulation which had been filed by the parties in lieu of the presentation of evidence, and subsequently, on motion of the plaintiffs to correct the finding, added a transcript of the evidence in the Superior Court case of *Sullivan* v. *King*, supra. Since the finding does not contain the conclusions of the court (Practice Book § 980 and Form No. 817), the memorandum of decision has been consulted for a better understanding of the decision. See Maltbie, Conn. App. Proc. § 152, p. 187.

A reviewing court cannot resort to the contents of exhibits which were not part of the record. *American Can Co.* v. *Orange Pulp Co.*, 149 Conn. 417, 418; see *Bridgeport* v. *Bridgeport Hydraulic Co.*, 81 Conn. 84, 89. The question involved having been presented on a stipulation of facts, the stipulation of facts being the finding in the case, the transcript of evidence which the plaintiffs sought to incorporate into the finding should have been excluded. We cannot retry the case.

We are therefore asked to determine what is meant by the word "aggrieved" as used in this penal statute, and how and to what extent the plaintiffs must show they were aggrieved by the action of the majority members of the board of assessors. Ballentine, Law Dictionary (2d Ed.), defines "aggrieved" as follows: "The condition of one whose legal right has been invaded by the act complained of. A party aggrieved is one whose pecuniary interest is directly affected by the [act]; . . . [s]ubjected to loss or injury." The trial court in its memorandum stated in effect that the mere fact

that the defendants had violated the provisions of § 12-170 was not sufficient to constitute an aggrievement within the meaning of the statute but that, further, the plaintiffs must prove or establish a pecuniary loss to them as individuals. We have found references to an "aggrieved party" in cases dealing with zoning and the public utilities commission and in appeals from probate, and we feel that the closest analogy to a definition of the word "aggrieved" is to be found in zoning cases decided by our Supreme Court.

The Supreme Court has stated in *Langbein* v. *Planning Board,* 145 Conn. 674, 676, that "one must be specially and injuriously affected in his property or other legal rights, unless the case involves some aspect of traffic in liquor." In *London* v. *Planning & Zoning Commission,* 149 Conn. 282, 284, the court stated that the plaintiffs had the burden of proving that they were aggrieved. Again in *Whitney Theatre Co.* v. *Zoning Board of Appeals,* 150 Conn. 285, 287, the burden of proof required the plaintiff to establish that it was specially and injuriously affected in its property rights or other legal rights. In *Hickey* v. *New London,* 153 Conn. 35, 37, the Supreme Court stated that it was necessary for the plaintiffs to show that they were aggrieved, in the sense that they had a special, personal and legal interest as distinguished from a general interest such as is the concern of all members of the community, and that they were specially and injuriously affected in their property or other legal rights. And most recently, in *Johnson* v. *Zoning Board of Appeals,* the Supreme Court reaffirmed the definition of aggrievement and reiterated: "It [an aggrievement] is a question of fact for the court to determine." 156 Conn. 622, 623.

Applying the definition as cited above to the case at bar, we conclude that none of the plaintiffs herein

have shown that he has been injuriously affected in his property or other legal rights, and we conclude further that the trial court did not err in so holding.

There is no error.

In this opinion WISE and MACDONALD, Js., concurred.