DIANA B. FOX ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF STAMFORD ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 2—decided July 7, 1959

*Julius B. Kuriansky,* for the appellants (plaintiffs).

*David M. Wise,* for the appellees (defendants Saunders et al.), with whom was *Raymond G. Cushing,* for the appellee (defendant board).

MURPHY, J. The judgment in this case was rendered July 8, 1958, just one week following the publication in the Connecticut Law Journal of the opinion in *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 145 A.2d 832. The trial court stated in its memorandum of decision: "The instant case was heard before [the *Tyler* case, supra] was decided. . . . Thus, even though the record [before the defendant board] is rather vague as to the way in which the plaintiffs are aggrieved persons, the court under the existing circumstances has decided to allow the appeal to stand." By this language, the court showed that it misunderstood the applicability of the rule of the *Tyler* case, supra, to the instant case and misconstrued the function of the court. It is not necessary for one who claims to have been aggrieved by the action of a zoning authority to establish his aggrievement before the board conducting the hearing. A person does not become aggrieved until the board has acted. Rev. 1958, §§ 8-8—8-10. One could be ag-

grieved by the action of a municipal board and yet have been unaware of the situation until after the board had acted. See *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 476, 196 A. 344. Upon appeal, he must establish his aggrievement in the trial court, and the court must decide whether he has sustained the burden of proving that fact. *Tyler* v. *Board of Zoning Appeals,* supra, 662. A finding on the issue of aggrievement should have been made by the present trier. Since, however, it appears from the record of the hearing before the board that at least one of the plaintiffs is the owner of property within reasonable, though not close, proximity to the subject property, we have decided to dispose of the appeal on the record before us without causing it to be sent back to the trial court for completion of the record. *Altman* v. *Hill,* 144 Conn. 233, 240, 129 A.2d 358; Practice Book § 402; Maltbie, Conn. App. Proc. § 279.

The plaintiffs appealed to the Court of Common Pleas from the action of the defendant board in granting an application for two variances to permit the extension of a nonconforming use in a residential zone. One variance permitted the construction of an addition to the gasoline service station of the defendants John N. Saunders and Jessie R. Schumann on High Ridge Road, and the other waived the rear-yard requirements to permit the modernization of the station and its enlargement to over four times its present size. The court in its memorandum of decision agreed with the plaintiffs that the record was devoid of any proof that the applicants had established legal reasons for the granting of the variances. The court found, however, that the variances which the applicants sought and the board granted were in fact a special exception and sustained the action of the board. From the judgment dismissing

the appeal, the plaintiffs have appealed to this court.

The General Statutes, as well as the Stamford zoning regulations, give the defendant board the power to grant special exceptions where the board is required to pass upon such exceptions under the specific terms of the regulations. Rev. 1958, § 8-6; Stamford Zoning Regs. § 18 (A) (2) (1956). The conditions permitting an exception must be found in the regulations themselves. *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 636, 109 A.2d 256; *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 532, 102 A.2d 316; see Baldwin, "Variances and Exceptions in Zoning," 32 Conn. B.J. 1, 5. The Stamford regulations make no provision for the conditions under which the defendant board may grant special exceptions. Without such provision, the board lacked the power which the trial court assumed it had. The court was therefore in error in sustaining the action of the board for the reason given. As previously indicated, the court agreed that the board could not grant the variances. The court should therefore have sustained the appeal.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.