MARY J. KREJPCIO ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued May 4—decided June 15, 1965

*Frederick U. Conard, Jr.,* with whom was *Russell L. Post, Jr.,* for the appellants (defendant Humble Oil and Refining Company et al.); with them also was *Cornelius J. Shea,* assistant corporation counsel, for the appellant (named defendant).

*William C. Bieluch,* with whom was *David M. Barry,* for the appellees (plaintiffs).

HOUSE, J.  This appeal arises from an application to the zoning board of appeals of Hartford for a variance to allow the relocation and expansion of an existing gasoline service station and facilities. The defendant applicant Humble Oil and Refining Company, hereinafter referred to as Humble, is the owner of property at the apex of the intersection of Fairfield and Maple Avenues on which property the station is presently located.  The defendant applicants Philip J. and Eleanor McLean own the property which lies between these two avenues adjacent to and immediately north of the Humble station.  A nine-room, single-family dwelling house is on their property.  The plaintiffs are the owners of the property adjacent to and immediately north of the McLean property and on their lot is a two-family house.

All three properties are in a B residence zone, the

service station having become a nonconforming use when zoning was adopted in Hartford. Subsequently, in 1936, pursuant to a variance granted by the board of appeals, new pumps were installed and the old pumps were relocated entirely on the Humble property.

The joint application of Humble and the McLeans to the board of appeals sought a variance of the provisions of the Hartford zoning ordinance to permit a new service station building to be erected on the adjoining McLean property with a relocation of the gasoline pumps on the present Humble property so that the proposed new service station and facilities would, under the requested variance, utilize both properties, with a planted buffer strip between the rear of the relocated service station and the plaintiffs' property.

After a public hearing, the board, by a three to one vote, granted the application for a variance subject to certain conditions, including the provision for a buffer strip, the erection of a fence, the elimination of an existing entrance and exit and a restriction on the installation of lighting. From the board's decision the plaintiffs appealed to the Court of Common Pleas, which rendered judgment sustaining the appeal and reversing the board's decision. The present appeal is from that judgment.

Although the defendants, in their assignments of error, claimed that a substantial number of errors had been committed in the proceedings in the trial court, most of them have not been pursued in their brief and are therefore considered as abandoned. *Dupuis* v. *Zoning Board of Appeals*, 152 Conn. 308, 310, 206 A.2d 422; *Donch* v. *Kardos*, 149 Conn. 196, 199, 177 A.2d 801. Of those remaining, the determination of two is conclusive of the merits of the

present appeal. These assignments involve the conclusion of the trial court that the plaintiffs were persons aggrieved by the decision of the board of appeals and therefore were entitled to appeal and the holding that there was no evidence of hardship elicited at the hearing before the board.

To be entitled to appeal from a decision of the Hartford zoning board of appeals, appellants must prove that they were aggrieved by the decision. Hartford Charter, c. 19, § 12 (1960 as amended); 25 Spec. Laws 87, § 12 (as amended 28 Spec. Laws 843, § 6) (incorporating by reference General Statutes § 8-8). They are required to establish that they were aggrieved by showing that they had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal rights. *Tucker* v. *Zoning Board of Appeals,* 151 Conn. 510, 514, 199 A.2d 685; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832. Although the defendants challenge the conclusion that the plaintiffs are aggrieved by the action of the board within the meaning of the charter and General Statutes § 8-8 for the purposes of this appeal, there was sufficient evidence, if believed by the trier, to sustain the conclusion. It was a question of fact for the court to determine. *Luery* v. *Zoning Board,* 150 Conn. 136, 140, 187 A.2d 247; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 667, 154 A.2d 520.

The plaintiffs are the owners and occupants of a well-maintained private residence in a residential zone. If the proposed variance is permitted, the adjoining lot will be occupied not by another resi-

dence as is now the situation but by a large gasoline service station with the noise, traffic, fumes and lights concomitant with such a business. Their premises are directly affected by the requested variance, and they are aggrieved persons as that term is used in General Statutes § 8-8 and the Hartford charter. *Heady* v. *Zoning Board of Appeals,* 139 Conn. 463, 468, 94 A.2d 789. The court's finding of aggrievement has not been successfully attacked.

As this court had occasion to note in *Nielsen* v. *Zoning Board of Appeals,* 152 Conn. 120, 122, 203 A.2d 606, the general power of the Hartford zoning board of appeals to grant variances as contained in § 38-27 (5) of the Hartford zoning ordinance (§ 42-20.5 of the November 28, 1949, codification, which was in use at the time of the present application) is subject to the condition that "[s]uch power shall be exercised only if there is difficulty or unreasonable hardship in carrying out the strict letter of this chapter and so that the spirit of the chapter shall be observed, public welfare and safety secured and substantial justice done." This language is substantially similar to the comparable provision of General Statutes § 8-6 (3).

Section 38-27 (3) of the zoning ordinance, which also authorizes the board to grant variances, limits the authority of the board to situations "where, by reasons of exceptional shape, exceptional topography or other exceptional situations or conditions, unusual difficulty or unreasonable hardship would result to the owners of such property, provided that relief can be granted without impairment to the integrity of this chapter and without substantial detriment to the public welfare."

This court has many times held that the power to grant variances must be exercised sparingly and

only in exceptional and unusual instances. *Makar* v. *Zoning Board of Appeals,* 150 Conn. 391, 394, 190 A.2d 45; *Wil-Nor Corporation* v. *Zoning Board of Appeals,* 146 Conn. 27, 30, 147 A.2d 197; *Mabank Corporation* v. *Board of Zoning Appeals,* 143 Conn. 132, 136, 120 A.2d 149. That it would be to the applicants' financial advantage to secure the variance does not warrant a relaxation of the zoning regulations on the ground of practical difficulty or unnecessary hardship. "Ordinarily, mere financial loss does not constitute a hardship warranting the granting of a variance." *Makar* v. *Zoning Board of Appeals,* supra, 395; see also *Forbes* v. *Zoning Board of Appeals,* 146 Conn. 547, 550, 153 A.2d 458; *Lindy's Restaurant, Inc.* v. *Zoning Board of Appeals,* 143 Conn. 620, 623, 124 A.2d 918. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship; *Longo* v. *Board of Zoning Appeals,* 143 Conn. 395, 398, 122 A.2d 784; and a variance should not be granted unless it is in harmony with the general purpose and intent of the zoning ordinance. *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 309, 71 A.2d 91; *Kamerman* v. *LeRoy,* 133 Conn. 232, 235, 50 A.2d 175.

"Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . We, in turn, review the action of the trial court." *Willard* v. *Zoning Board of Appeals,* 152 Conn. 247, 248, 206 A.2d 110. As the trial court noted, "there was elicited at the hearing before the Zoning Board of Appeals no evidence whatsoever of hardship, except possibly a financial one." Although this statement appears in the memorandum of decision rather than in the conclusions as a part

of the limited finding, nevertheless, the defendants have specifically assigned the conclusion as error, and all parties have briefed and argued the question of necessary proof of hardship. We have decided to consider the issue as the parties have treated it on appeal. The record before the board is barren of any evidence which would justify a finding of exceptional difficulty or unusual hardship which would authorize the board to vary the zoning regulations and permit an expansion of this business use into the residential zone. Accordingly, the board lacked authority to grant the variance.

In this circumstance, the remaining assignments of error do not require discussion.

There is no error.

In this opinion the other judges concurred.