PATRICIA A. HICKEY ET AL. *v.* CITY OF NEW LONDON ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 2—decided July 6, 1965

*Francis J. Pavetti,* for the appellants (defendants Simon et al.).

*Richard F. Corkey,* with whom was *Robert B. Hempstead,* for the appellees (plaintiffs).

MURPHY, J.   On September 16, 1963, the council of the city of New London, in its capacity as the zoning authority for the municipality; 19 Spec. Laws 997; approved the application of the defendants Stanley Simon and Jack Mashkin to change from B residence to C residence the zonal classification of property fronting 251 feet on the north side of Willetts Avenue, having a depth of 300 feet, and on the west adjoining the New London–Waterford town line in order to permit the erection of an apartment building.   The council also adopted an amendment to the building zone ordinance to make the change effective.   The eleven plaintiffs are the owners of

one- or two-family houses in the immediate neigbor-
hood who allege that they are aggrieved by the action
of the council. Upon appeal, the Court of Common
Pleas held them to be aggrieved and rendered
judgment sustaining the appeal without filing a
memorandum of decision stating the basis for its
decision. Simon and Mashkin have appealed from
the judgment below and specifically challenge the
finding that the plaintiffs are aggrieved.

In *Tyler* v. *Zoning Board of Appeals,* 145 Conn.
655, 662, 145 A.2d 832, it was held that to be an ag-
grieved person entitled to take an appeal in a zoning
case in which traffic in intoxicating liquor is not
involved, one has to be found to be specially and
injuriously affected in his property or other legal
rights. We also stated that the appellant should
allege in his complaint the respects in which he
claims to be adversely affected by the decision from
which the appeal was taken. Id., 663. The complaint
in this case is deficient in that it alleges only that the
plaintiffs are aggrieved as owners of real property
in the immediate vicinity. Even if the trial court
permitted the plaintiffs to introduce evidence to
substantiate the allegations of ownership and prox-
imity, such proof, without more, would not be suf-
ficient to make the plaintiffs aggrieved persons un-
der General Statutes § 8-8.

The burden of proving that at least one of the
plaintiffs was an aggrieved person was on the plain-
tiffs. *London* v. *Planning & Zoning Commission,*
149 Conn. 282, 284, 179 A.2d 614; *Langbein* v. *Plan-
ning Board,* 145 Conn. 674, 676, 146 A.2d 412. The
trial court filed a limited finding, which was re-
stricted to the question of aggrievement. The named
plaintiff was found to be the owner of land on the
south side of Willetts Avenue a short distance up the

street from the property of Simon and Mashkin and almost directly across the street from the property of the plaintiff Thomas F. DiMaggio. The latter property adjoins the easterly boundary of property owned in trust by the plaintiff Josephine D. Canon which abuts the property of Simon and Mashkin. Reference to the copy of the assessor's map which was put in evidence by the plaintiffs shows that the Canon property has a frontage of fifty-five feet on the north side of Willetts Avenue and the DiMaggio property has a frontage of forty-five feet. The property of the named plaintiff does not appear on the map. The properties of all of the other plaintiffs are on Beckwith Street, which is about 200 feet east of the Simon-Mashkin property and runs north from Willetts Avenue. None of these properties adjoins the area for which the change of zone was granted. From these facts, the trial court concluded that all of the plaintiffs were aggrieved for the purposes of the appeal.

Whether a person is aggrieved is a question of fact for determination by the trial court; *Bright* v. *Zoning Board of Appeals,* 149 Conn. 698, 704, 183 A.2d 603; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 667, 154 A.2d 520; and the court's conclusion will not be disturbed upon appeal unless the subordinate facts do not support it. *Molk* v. *Micklewright,* 151 Conn. 606, 608, 201 A.2d 183; *Schroder* v. *Battistoni,* 151 Conn. 458, 461, 199 A.2d 10; *Taylor* v. *Hamden Hall School, Inc.,* 149 Conn. 545, 552, 182 A.2d 615; Maltbie, Conn. App. Proc. § 166. There is no finding that any of the properties owned by the plaintiffs will be depreciated in value as a result of the change in zone or that otherwise any of the plaintiffs will be specially and injuriously affected in their property or other legal rights.

Consequently, the conclusion that the plaintiffs are aggrieved persons cannot stand.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.