## I. R. STICH ASSOCIATES, INC. *v.* TOWN COUNCIL OF THE TOWN OF WEST HARTFORD

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued January 6—decided April 7, 1967

*Thomas P. Byrne,* corporation counsel, for the appellant (defendant).

*Louise H. Hunt,* with whom, on the brief, was *David Kotkin,* for the appellee (plaintiff).

RYAN, J. From the action of the defendant town council in denying the plaintiff's application for approval of a subdivision plan, the plaintiff appealed to the Court of Common Pleas. The trial court rendered judgment sustaining the appeal, and the town council has appealed to this court.

In the town of West Hartford, planning and zoning are governed by special act of the General Assembly. The only issue which requires discussion is the question of the aggrievement of the plaintiff. West Hartford Charter, c. 13 § 11. In its appeal to the Court of Common Pleas, the plaintiff alleged that the town council denied its application for approval of a subdivision and that the plaintiff was aggrieved thereby. The town council, in its answer, denied the aggrievement. The council, in its appeal, assigns error in the conclusion of the trial court that the plaintiff was aggrieved by the action of the town council.

There was nothing in the plaintiff's complaint to indicate what, if any, interest it had in the property for which the subdivision was requested. It should

have alleged the respects in which it claimed to have been aggrieved by the decision from which the appeal was taken. *Hickey* v. *New London,* 153 Conn. 35, 37, 213 A.2d 308. To be entitled to an appeal from a decision of the planning or zoning authorities, appellants must allege and prove that they were aggrieved parties. "They are required to establish that they were aggrieved by showing that they had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal rights. *Tucker* v. *Zoning Board of Appeals,* 151 Conn. 510, 514, 199 A.2d 685; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832." *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 660, 211 A.2d 687. The court decided the case upon the record of the proceedings before the town council. It heard no evidence on the question of aggrievement, and neither party has filed an appendix to its brief in this court. It is not necessary for one who claims to have been aggrieved by the action of a planning or zoning authority to establish his aggrievement before the board conducting the hearing. A person does not become aggrieved until the board has acted. Upon appeal, he must establish his aggrievement, and the court must decide whether he has sustained the burden of proving that fact. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 666, 667, 154 A.2d 520. It was a question of fact for the court to determine. *Luery* v. *Zoning Board,* 150 Conn. 136, 140, 187 A.2d 247.

There is nothing in the record upon which a finding that the plaintiff was aggrieved can be predicated, and, therefore, the plaintiff was not entitled

to maintain an appeal from the action of the town council.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion KING, C. J., ALCORN and HOUSE, Js., concurred.

COTTER, J. (dissenting). A review of the proceedings in this case demonstrates that the action of the town council adversely affected the plaintiff, in relation to a specific, legal interest which it acquired when its subdivision plan was approved by the West Hartford town plan and zoning commission, and that the plaintiff therefore is an aggrieved party within the meaning of a provision (c. 13 § 11) of the West Hartford town charter which allows an appeal to the Court of Common Pleas.

The plaintiff applied to the town plan and zoning commission for preliminary and final approval of a subdivision plan. On January 4, 1965, the commission granted the plaintiff preliminary approval, and on January 13, 1965, it granted final approval of the subdivision plan. On January 26, 1965, the town council voted that it did not concur with the commission in its action, constituted itself as the planning authority, and set a hearing on the matter. The town council, purporting to act as the planning authority, reversed the decision of the commission on March 23, 1965, and denied the plaintiff's application.

The town council acted under chapter 13 § 4 of the West Hartford charter, which provides as follows: *"Planning authority.* The plan and zoning commission shall prepare, adopt and amend a plan of development for the municipality, subject to the

approval of the town council. Actions of the plan and zoning commission relative to planning shall be final actions, subject to appeals to courts of competent jurisdiction, as provided elsewhere in this chapter, unless the council, within fifteen days after receiving written notification of such actions filed with the town clerk, shall indicate that it does not approve of such action. If the council indicates that it does not concur with the actions of the plan and zoning commission concerning any portion of a planning action, the council shall then proceed to act on that portion of the planning proposal in which it does not concur with the plan and zoning commission, as if the council were constituted as the planning authority." 28 Spec. Acts 766 § 4, No. 562.

The plaintiff appealed to the Court of Common Pleas on the ground that the action of the town council was not within the powers granted to it under the charter. That court concluded that the commission's original action in granting the subdivision approval was essentially an administrative decision and that, since the charter only allows the council to overrule the commission on "planning actions", the council had no power to act in this instance.

The plain language affording the plaintiff a right to proceed with an appeal to the Court of Common Pleas is contained in chapter 13 § 11 of the town charter, which provides in part: "[A]ny person aggrieved by an official action of the commission may appeal therefrom within fifteen days of such official action to the court of common pleas."[1]

---

[1] This provision of the town charter, although governing the present case, has since been replaced by General Statutes (Rev. to 1966) §§ 8-30a and 8-28.

The plaintiff, who was required to appear before the town council to protect its legal interest in the earlier approval of its application by the commission and whose standing before the council was never questioned, had a very real (and even vested) interest in the action of the council. In addition, it appears from the record that the members of the council and the officials of the town were thoroughly familiar with the property involved and the interest of the plaintiff in making its application for approval of the subdivision plan.

The plaintiff, to be aggrieved, must be affected directly or in relation to a specific, personal interest, as distinguished from a general interest in the subject matter. See *Bright* v. *Zoning Board of Appeals,* 149 Conn. 698, 704, 183 A.2d 603. The record in this case, as heretofore reviewed, fully supports the finding of the trial court, as a question of fact, that the plaintiff was aggrieved. *Josephson* v. *Planning Board,* 151 Conn. 489, 492, 199 A.2d 690. The action of the town council by which the plaintiff is aggrieved was the invalidating of an otherwise legal granting of a subdivision application. See West Hartford Charter, c. 13 § 4, previously quoted. This was the official action of the council by which the plaintiff was aggrieved and in which it had an established, legal interest.

The appeal to this court, bringing the matter to the fourth level of official review, should be decided on the merits.