CAROL C. JOHNSON *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BRANFORD ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued December 6, 1967—decided January 23, 1968

*Carol C. Johnson,* pro se, the appellant (plaintiff).

*John W. Colleran,* for the appellee (defendant Kreske).

*Frank J. Dumark,* for the appellee (named defendant).

PER CURIAM. A detailed recital of all the facts in this case is unnecessary. The plaintiff is the owner of a shorefront lot in Branford on which there are a dwelling house and a guest house. The defendant Walter Kreske, hereinafter referred to as the defendant, is the owner of the adjoining lot on which there are a dwelling house and an outbuilding. The zoning regulations provide that the maximum floor area of a building on either of these lots may not exceed 30 percent of the lot area. The defendant's house was a nonconforming use since the bulk floor area exceeded the maximum size by 7 percent. In 1965, the defendant applied to the

Branford zoning board of appeals for a variance which would legalize additions to the house which had already been made. These additions consisted of a two-story addition, 4 feet by 23.2 feet; a second-story addition, 6 feet by 23.3 feet; and a carport, 20 feet by 18 feet. The additions increased the extent of the zoning nonconformance from 7 percent to 18 percent. The plaintiff appeared at the hearing and opposed the defendant's application, which was nevertheless granted by the board. The plaintiff appealed the board's decision to the Court of Common Pleas, which dismissed the appeal with a finding that the plaintiff was not an aggrieved person entitled to pursue the appeal. This appeal is from that judgment, and the only issue is whether the court correctly held that the plaintiff failed to sustain his burden of proving that he was aggrieved by the action of the board.

To prove aggrievement in a zoning case, appellants "are required to establish that they were aggrieved by showing that they had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal rights." *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 660, 211 A.2d 687; *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545. It is a question of fact for the court to determine. Ibid.; *Hickey* v. *New London,* 153 Conn. 35, 38, 213 A.2d 308.

In reaching its conclusion that the plaintiff had failed to sustain his burden of proof on the question of aggrievement, the court could disbelieve the extensive testimony of the plaintiff as to the injuri-

ous effect of the defendant's increasing the nonconforming use of his property since the court determines the credibility of witnesses. It could not, however, completely disregard all the physical facts, the situation as disclosed by the exhibits and photographs, and the contents of its own extremely limited finding which did include findings that the properties were contiguous and that the variance permitted the increase of an already nonconforming use from 37 percent to 48 percent of the lot area.

"A judgment rendered upon facts found will not be reversed or set aside unless some erroneous rule of law material to the case has been applied, or unless a conclusion has been reached, or an inference drawn, from a fact, many facts, or the facts found, which affects the judgment rendered in material degree and is legally or logically inconsistent with that or those facts, or is so illogical or unsound, or so violative of the plain rules of reason, as to be unwarranted in law." *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 A. 823; *Farkas* v. *Halliwell,* 136 Conn. 440, 443, 72 A.2d 648. The court's conclusion that the plaintiff was not aggrieved was unwarranted in law.

There is error, the judgment is set aside and the case is remanded with direction to proceed with a trial on the merits of the plaintiff's appeal.