This is an appeal from a denial of the plaintiffs' application for an additional payment allowance under the Uniform Relocation Assistance Act, General Statutes §§ 8-266 through 8-282. Examination of the record and various exhibits discloses that the plaintiffs were the owners of a ten year old, custom built, six room, ranch style dwelling located on Conte Circle, Norwalk. On March 11, 1971, the *Page 200 
commissioner of transportation took the property through eminent domain proceedings as part of the relocation of United States route 7. The plaintiffs sought a suitable replacement home and on October 28, 1971, they moved into a seven room ranch style house built for them at 90 North Avenue, Westport.
The Conte Circle property, after an appeal to the Superior Court, brought the plaintiffs a condemnation award of $59,000. On March 3, 1972, pursuant to the provisions of General Statutes §§ 8-266
through 8-282, the plaintiffs made application for an allowance of $11,700, claiming that this was the additional amount which they had been required to pay in order to acquire housing equivalent to the home taken in the eminent domain proceedings. On March 13, 1974, the department of transportation denied that request and the plaintiffs, in turn, seasonably appealed to the commissioner of transportation pursuant to General Statutes § 8-278.
The commissioner appointed the governor's screening committee to act as a hearing board. The members of the committee viewed the acquired property, the replacement property and various allegedly comparable properties and on May 7, 1974, they conducted a hearing at which both sides presented evidence in support of their respective positions. On May 31, 1974, the screening committee recommended the denial of the plaintiffs' request for an additional allowance. The commissioner adopted that recommendation on June 20, 1974, and arranged for the communication of that fact to the plaintiffs' attorney on July 2, 1974. The plaintiffs now seek the judicial review of this court in accordance with the provisions of the Uniform Administrative Procedure Act, General Statutes §§ 4-166 through 4-189.
Section 4-183 of the Uniform Administrative Procedure Act provides that appeals to this court are *Page 201 
available only to those "aggrieved" by a final decision in a contested case. "Except in cases involving the sale of alcoholic beverages, aggrievement requires a showing that the plaintiffs have a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of the community as a whole, and that the plaintiffs were specially and injuriously affected in their property or other legal rights.Hughes v. Town Planning Zoning Commission,156 Conn. 505, 507 ...; I.R. Stich Associates, Inc.
v. Town Council, 155 Conn. 1, 3 ...: Hickey v.New London, 153 Conn. 35, 37 ...; Tyler v. Boardof Zoning Appeals, 145 Conn. 655, 662 ..."Sheridan v. Planning Board, 159 Conn. 1, 13. Having reviewed the record and various exhibits in the light of the circumstances evident here, the court concludes that, as owners of both the condemned property and the replacement property and as applicants for the allowance now under consideration, the plaintiffs have a specific, personal interest in the subject matter of this decision and, therefore, are aggrieved parties within the meaning of the statute and are authorized to prosecute this appeal.
General Statutes § 8-269, the relevant statute in question, provides in part: "ADDITIONAL PAYMENT TO OWNER DISPLACED FROM DWELLING. (a) In addition to payments otherwise authorized by this chapter, the state agency shall make an additional payment not in excess of fifteen thousand dollars to any displaced person who is displaced from a dwelling .... Such additional payment shall include the following elements: (1) The amount, if any, which when added to the acquisition cost of the dwelling acquired, equals the reasonable cost of a comparable replacement dwelling which is a decent, safe and sanitary dwelling adequate to accommodate such displaced *Page 202 
person, reasonably accessible to public services and places of employment and available on the private market...."
To determine the cost of a "comparable replacement dwelling," the hearing board considered the testimony of two members of the Connecticut department of transportation concerning the value of certain similar properties in the area. The gravamen of the plaintiffs' claim of error involves the information-gathering and valuation techniques employed by those individuals and the ultimate question of whether the properties selected by them were homes comparable to the plaintiffs' Conte Circle property. Further, the plaintiffs claim error in the inferential rejection of their appraiser's valuation which involved use of the cost-of-reproduction-less-depreciation method. That evidence, however, only represents a portion of the considerations taken up by the hearing board, for, in addition, the record discloses their personal inspection of the various premises involved. In the final analysis the plaintiffs' claims must devolve to a challenge of the hearing board's judgment as to value.
"Errors of judgment as to the value of property must stand uncorrected." Equitable Life AssuranceSociety v. Slade, 122 Conn. 451, 457. "[I]t is not the function of the trial court, nor of this court, to retry the cause. The defendant board is an administrative agency, although it acts in a quasi-judicial capacity. To render a decision, it must weigh evidence and reach conclusions.... The credibility of witnesses and the determination of issues of fact are matters within its province." Gibson
v. Connecticut Medical Examining Board,141 Conn. 218, 221-22. The function of a trial court is to look only to the materials before the agency and "to determine from the record whether the facts *Page 203 
found by the commission are supported by the record, whether they furnish justifiable reasons for the action ... and whether it has acted illegally or has exceeded or abused its powers." WilsonPoint Property Owners Assn. v. Connecticut Light Power Co., 145 Conn. 243, 252; see Molino v.Board of Public Safety, 154 Conn. 368, 375; State
v. Simmons, 153 Conn. 351, 353; Wilber v. Walsh,147 Conn. 317, 320; Rockville v. Public Utilities Commission,146 Conn. 1, 5. "The trial court is not to substitute its own judgment or discretion for that of the agency. Gulf Oil Corporation v. Board ofSelectmen, 144 Conn. 61 ...; Conley v. Board ofEducation, 143 Conn. 488, 492 ... ." HartfordElectric Light Co. v. Water Resources Commission,162 Conn. 89, 107-108.
 In this case, the court concludes that there are adequate facts within the record to support and justify the conclusions reached by the hearing board. Their decision is, therefore, not arbitrary, capricious or characterized by an abuse of discretion. Accordingly, the decision of the commissioner of transportation is affirmed.