[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant, Plainville Zoning Board of Appeals ("Board") dated June 16, 1989, granting a variance from a sixty-foot height requirement for an elevator structure on an asphalt plant located on Camp Street, Plainville, owned by the defendant A. Aiudi Sons ("applicant") to permit a seventy two-foot structure.
The plaintiff claims that the decision of the Board was illegal in that
(a) no hardship was claimed nor found by the Board
(b) evidence of the detrimental effect of the variance on traffic, subsurface water, air pollution and property values was ignored.
(c) the Board failed to consider the effect of the variance on public health, safety, and property values of adjacent properties as required by Sec. 1300 of the Zoning Regulations.
(d) the variance would permit construction of an asphalt plant almost double the size of a plant allowed under the existing height regulations.
On December 2, 1989, while this appeal was pending the Plainville Planning and Zoning commission approved the application of the applicant in this case for a change of zone for the subject premises from "Industrial" to "Quarry Industrial" eliminating any height limitation, which zone change is under appeal now pending in the Superior Court at New Britain. Motions to stay these proceedings until the second appeal was resolved, and were filed by the defendants on January 26, 1990, and February 13, 1990, and denied without prejudice by Judge Hammer on February 26, 1990.
 I.
This appeal was initiated on behalf of the following plaintiffs:
 Nelson and Jeanette Granger Denise Early William and Gladys Pietrowicz Tilcon Minerals, Inc.
Motions to dismiss this appeal as to the Grangers (dated November 1, 1989) as to Denise Early (dated November 9, 1989) and as to Tilcon Minerals, Inc. (dated November 9, 1989) have been filed by various defendants. CT Page 3568
On November 13, 1989, Tilcon-Tomasso, Inc. moved to be added as an additional party plaintiff in this appeal.
On August 2, 1990, this court heard this appeal, including the presentation of evidence on the question of aggrievement of the various named plaintiffs.
The parties stipulated that the above motions were to be subsumed and decided by this court on the basis of whether the respective parties were found to be aggrieved.
1. The plaintiffs William and Gladys Pietrowicz are found to be aggrieved within the meaning of Sec. 8.8 C.G.S. since they are abutting landowners.
2. The plaintiff Denise Early was an abutting landowner at the time of the Board's decision. On September 7, 1989, she sold her premises to Tilcon Tomasso, Inc. assigning on the same date her interest in this pending appeal. Subsequently she leased the premises from Tilcon Tomasso, Inc. and is presently occupying the premises under this lease. The motion to dismiss Denise Early as a party plaintiff is granted since she no longer owns the premises and her leasehold interest did not accrue until after this appeal was taken. The motion of Tilcon Tomasso, Inc. to be made a party plaintiff is granted. Planning Zoning Commission v. Gaal 9 Conn. App. 538 (1987).
3. The motions to dismiss Nelson and Jeanette Granger and Tilcon Minerals, Inc. as party plaintiffs are denied. The testimony by an appraiser, that comparison studies in another Connecticut town would lead him to believe that the value of the real properties owned by these parties was likely to be reduced by "7 to 10 percent" and "10 to 12 percent" respectively if the variance were granted is sufficiently persuasive for the court to find that these parties had a specific, personal and legal interest in the variance as distinguished from the concern of all members of the community.
Johnson v. Zoning Board of Appeals 156 Conn. 623, 624 (1968).
 II.
Plaintiffs first claim is that no hardship was claimed or found by the Board.
Applicant sought the variance in this case in order to construct an amesite plant on its premises, on which he had operated a concrete plant for many years. He produced evidence that in connection with the particular size of the amesite plant procured the Department of Environmental Protection required the elevator CT Page 3569 structure to be 72 foot high. There is a 60 foot height restriction in the Industrial Zone in which the subject premises are located.
In its decision granting the twelve foot variance, the Board did not give any reasons for its decision or refer to any hardship in the case.
Under Sec. 8-6 C.G.S. a variance can be granted only when it has been show that a literal enforcement of "(a regulation) would result in exceptional difficulty or unusual hardship". Our Supreme Court has enforced this requirement consistently. Bogue v. Zoning Board of Appeals 165 Conn. 749 (1974) Dolan v. Zoning Board of Appeals 156 Conn. 426 (1968).
In this case, hardship or exceptional difficulty was not claimed by the applicant, referred to at the public hearing or in the deliberations of the Board, or alluded to in the decision of the Board. Moreover we have examined the entire record in order to ascertain whether there was any factual basis on which the Board could find hardship or exceptional difficulty and have found none.
Applicant in his brief refers to pages 6, 7 and 30 of the transcript of the public hearing in which the "need" for the 72 foot elevator was discussed in the context of the D.E.P. approval; but this cannot be said to form a factual basis on which hardship could be established, particularly in view of the discussion that a smaller proposed plant might not require such a height.
The discussion at the Board meeting at which the decision was rendered focused on the complexity of the application as presenting issues more properly within the purview of the Planning and Zoning Commission. The only reference to the twelve-foot variance was the comment by a commission member that it was "minimal in nature".
Since we are unable to find any basis for hardship or exceptional difficulty, the appeal is sustained.
WAGNER, J.