[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In its appeal, the plaintiff alleges that the defendant has rezoned property to a more restrictive zoning and that it is the owner of substantially all of the property that has been rezoned more restrictively.
The defendant has moved to dismiss the complaint on the basis that the plaintiff has not sufficiently alleged aggrievement. The defendant, citing Fletcher v. PZC, 158 Conn. 497
(1969), Kyser v. ZBA, 155 Conn. 236 (1987), Walls v. PZC,176 Conn. 475 (1979), Hickey v. New London, 153 Conn. 35
(1965), and Schwartz v. PZC, 168 Conn. 20 (1975), argues that it is necessary to allege aggrievement as a prerequisite to the right to appeal from any action of a planning and zoning commission.
The plaintiff argues that the cases cited by the defendant in its motion to dismiss are inopposite of the facts in this particular case as the defendant's cases deal with Section 8-8 prior to an amendment to the statute as a result of Public Act 87-470. Section 8-8 provides in part as follows:
 "(a) Any person or persons severally or jointly aggrieved by any decision of (a zoning board of appeals), or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, CT Page 794 board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."
In Smith v. Planning and Zoning Board, 203 Conn. 317
(1987), the issue was whether a plaintiff co-tenant of a life estate was a person owning land within a radius of one hundred feet of land involved in a challenged decision. The Smith court stated at page 321 in part as follows:
 Section 8-8 allows aggrieved persons to appeal from decisions of zoning authorities to the Superior Court. The traditional requirements for an appeal have been frequently stated. The appeal will be dismissed unless the appellant alleges and proves aggrievement. To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights. I.R. Stich Associates, Inc. v. Town Council, 155 Conn. 1, 3, 229 A.2d 545 (1967). The situation is different with respect to any person owning land which abuts or is within a radius of one hundred feet of the land involved in any decision of a zoning board. Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement. See Point O'Woods Assn., Inc. v. Zoning Board of Appeals, CT Page 795 178 Conn. 364, 366, 423 A.2d 90 (1979). (emphasis provided).
This Court reads the Smith decision as standing for the proposition that abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision (which would include the land involved in the decision itself) are automatically aggrieved where they prove that they are the requisite abutting landowner, but still have to allege aggrievement. The proof of being the abutting landowner or the landowner within a radius of one hundred feet of the land involved in the decision automatically proves aggrievement. Aggrievement can be established in one of two ways: (1) either by being directly affected or in relation to a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as the concern of all members of the community; or (2) by being an abutting landowner or within a 100-foot radius. The Smith court only held that an abutting property owner is automatically aggrieved "without having to prove aggrievement." The requirement that a party allege and prove aggrievement was only modified to the extent of not having to prove aggrievement where you are an abutting landowner. Smith does not eliminate the requirement to allege aggrievement where you are an abutting landowner.
The right to appeal from a decision of a zoning authority remains a two-prong test: (1) allege aggrievement, and (2) prove you are directly affected or in relation to a specific, personal and legal interest in the subject matter of the decision or prove you are an abutting landowner or a landowner within a 100-foot radius.
Accordingly, the motion to dismiss is granted.
AXELROD, J.