[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of an appeal from the denial of a resubdivision proposal by the Farmington Town Plan and Zoning Commission.
A review of the record and the court files reveal the following factual scenario.
On August 17, 1990 Karen R. La Fountain and Roderick A. La Fountain (applicants) applied to the Farmington Town Plan and Zoning Commission (Commission) for resubdivision approval of a parcel of land located at 14 White Oak Road, Farmington, Connecticut. The subject property was within a subdivision that was originally approved by the Commission in 1952.
Over the years many of the other subdivision lots had been approved for resubdivision by the Commission. The applicants sought to divide the subject property into two parcels. The existing improvements on the property would remain in one lot and the second lot would be an unimproved parcel. However, the resubdivision would result in the second lot being a "rear" or "interior" lot under the existing regulations. It should be mentioned that under the Town of Farmington Subdivision Regulations, the establishment of a rear lot is permitted only under unusual circumstances.
Thereafter the application was duly noticed for a public hearing and a public hearing was held October 9, 1990. On October 15, 1990 the Commission denied the application, and notice of the Commission's decision was duly published in the FARMINGTON NEWS on October 25, 1990.
Thereafter, in court documents dated October 29, 1990, the applicants appealed the Commission's denial of their resubdivision request. In paragraph one the applicants alleged that they were the owners of real property located at 14 White Oak Road, Farmington, Connecticut. Paragraph eight reads as follows:
 The plaintiffs, as the owners of the subject property and applicants before the board, are aggrieved by the board's denial of their application pursuant to Connecticut General Statutes Section 8-28(a). The Commission in its answer and record dated December 21, 1990, admitted the factual allegations contained in paragraphs one and eight of the applicant's complaint.
A hearing was held before the court and the applicants presented no testimony, evidence or exhibits as to the question CT Page 3879 of aggrievement.
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created the right. Simko v. Zoning Board of Appeals, 206 Conn. 344,377 (1988). "[A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." Connecticut General Statutes 8-8(b).
Aggrievement is a prerequisite to maintaining an appeal. See Smith v., Planning and Zoning Board, 203 Conn. 317, 321
(1987). Unless the Appellant alleges and proves aggrievement, his case must be dismissed. Fuller v. Planning and Zoning Commission, 21 Conn. App. 340, 343 (1990).
In order to be aggrieved, one must have a specific personal and legal interest in the subject matter of the agency's decision, as opposed to a general interest, which is the concern of all members of the community; one must also be specially and injuriously affected as regards property or other legal rights. Primerica v. Planning Zoning Commission,211 Conn. 85, 93 (1989). "The question of aggrievement is one of fact to be determined by the trial court on appeal." Id. Aggrievement depends upon the facts of each case. See Bell v. Planning Zoning Commission, 174 Conn. 493, 498 (1978).
Aggrievement is established if "there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." Hall v. Planning Commission, 181 Conn. 442, 445 (1980). Mere generalizations and fears do not prove that an appellant is an aggrieved person. Catabiano v. Planning Zoning Commission, 211 Conn. 662,668 (1989).
"Pleading and proof of aggrievement was, of course, a prerequisite to the trial court's jurisdiction over the subject matter of the plaintiff's appeal. Fletcher v. Planning 
Zoning Commission, 156 Conn. 505, 509, 242 A.2d 705. The question of aggrievement is essentially one of standing; unless the [plaintiff] could establish that she was aggrieved by the decision . . . [she] had no standing to appeal. . . . Hughes v. Town Planning Zoning Commission, supra, 508; I. R. Stitch Associates, Inc. v. Town Council, 155 Conn. 1, 3, 229 A.2d 545. The trial court must be satisfied, first, that the plaintiff alleges facts which, if proven, would constitute aggrievement as a matter of law, and, second, that the plaintiff proves the truth of those factual allegations. Nader v. Altermatt,166 Conn. 43, 54-55, 347 A.2d 89. `The mere statement that the CT Page 3880 appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient.' Maloney v. Toplin, 154 Conn. 247, 250, 224 A.2d 731; Hartford Kosher Caterers, Inc. v. Gazda, 165 Conn. 478, 483,338 A.2d 497; Hickey v. New London, 153 Conn. 35, 38, 213 A.2d 308. Beckish v. Manafort, 175 Conn. 415, 419 (1978)."
Proof of aggrievement was an essential prerequisite to the court's jurisdiction of the subject matter of the appeal. The parties could not confer jurisdiction of the subject matter of the appeal by agreeing to that prerequisite. Reed v. Reincke, 155 Conn. 591, 598, 236 A.2d 909. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 509 (1968).
The applicants had the burden of establishing that they were aggrieved by the decision of the Commission. It was incumbent upon them to present a factual basis upon which the question for aggrievement could be determined. There was nothing presented at the time of the hearing or from a review of the record that would allow a determination as to aggrievement. The parties could not confer subject matter jurisdiction by admitting the allegation of aggrievement. This must be determined from a factual presentation to the court. This not having been done, the appeal must fail. The applicants have not sustained the burden of proof placed on them that they were aggrieved by the denial of the resubdivision request by the Commission.
Accordingly, the appeal is dismissed.
BYRNE, JUDGE