[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Zoning Board of Appeals of the Town of Old Lyme granting the application of defendant Angelo V. Greco for a variance.
For reasons hereinafter stated the decision granting the variance is reversed.
Plaintiffs have instituted the present action under the provisions of General Statutes 8-8.
Section 8-8(b) limits such appeals to "persons severally or jointly aggrieved" by any decision of the board. To be entitled to prosecute this appeal, therefore, plaintiffs must allege and prove that they are aggrieved parties. The issue of aggrievement then becomes a question of fact which the court must determine. I.R. Stich Associates, Inc. v. Town Council, 155 Conn. 1, 3; Hickey v. New London, 153 Conn. 35, 37; Luery v. Zoning Board,150 Conn. 136, 140. CT Page 3719
The allegations of aggrievement, which are denied in the pleadings are found in paragraph four of the complaint.
Although defendants denied plaintiffs' allegation of aggrievement in the pleadings, at the time of trial the parties stipulated to the facts underlying the claim of aggrievement and this issue does not now appear to be contested.
Accordingly, it is found that plaintiffs are statutorily aggrieved and entitled to prosecute this appeal under the rule of Nick v. Planning Zoning Commission,6 Conn. App. 110, 112 (1986).
In an appeal, such as this, from the decision of the Zoning Board of Appeals it is not the function of the court to retry the case or substitute its judgment for the liberal discretion enjoyed by the defendant board. Belknap v. Board of Appeals, 155 Conn. 380, 384. That discretion is, however, not unlimited but must be exercised on reasonable grounds. It is the duty of the court to review the record to determine whether or not the board acted fairly and with proper motives or upon valid reasons. Zieky v. Town Plan and Zoning Commission, 151 Conn. 263, 267. Stiles v. Town Council, 150 Conn. 212, 210.
The record indicates that on December 10, 1991 defendant Greco filed with defendant Zoning Board of Appeals an application for a variance from Article and Section "E.1.7" of the Zoning Regulations of the Town of Old Lyme.
(A diligent examination of the copy of the zoning regulations returned to court as a part of the record failed to disclose any section "E.1.7". A letter from the chairman of defendant board, also part of the record of the case returned to court, indicates that the variance was granted for "Art. I, 8.8.1" under the new regulations. The minutes of the February 4, 1992 meeting also confirm this. It is assumed that this is the correct designation.)
The section in question prohibits the enlargement of nonconforming buildings.
The specific variance requested was for an CT Page 3720 alteration of such a building with an enlargement of less than eighteen inches.
Question 3(a) of the application with respect to conditions affecting the property that create exceptional difficulty or unusual hardship warranting the grant of a variance and 3(b) concerning hardship unique to the property not shared by others in the district were left blank by plaintiff.
Defendant Greco attempted to rectify this omission by a letter from his attorney dated January 7, 1992 which contained the following:
Please consider this letter as part of the application for variance filed on behalf of Angelo V. Greco on December 11, 1991. This letter is to address No. 3 concerning the hardship.
Building permits were taken out by the builders. There was an apparent misunderstanding as to whether the dimensions shown on the permit application were interior or exterior. Furthermore, a review of the Assessor's cards for the subject property shows that they are not consistent. For sake of this variance application, taking the 1980 Assessor's card as accurate, it appears that the "footprint" of the house was expanded about 18.31 square feet. This represents approximately 2% of the total area of the house.
A public hearing on this application was held January 12, 1992.
At the hearing defendant Greco's attorney stated that through builder's error the footprint of the house was increased by about 18 square feet. This constitutes about 2% of the area of the house. It was argued that this was a technical violation of the regulation prohibiting the enlargement of a nonconforming building.
When asked by a member of defendant board to describe the hardship Greco's attorney replied as follows:
 The hardship is it's already done, it's already up, it's part of the house. It was an error of the builder. I mean, my CT Page 3721 clients tried to do things the right way. They had someone come in and get permits. We found out afterwards from Mr. Hart that apparently this builder had other type of problems with doing things according to plan.
Plaintiffs appeared in opposition to the granting of the variance. They claimed that the enlargement encroached on a common driveway and that under the law there was no hardship.
There was also some discussion by member of defendant board concerning the accuracy of the tax assessor's property cards reflecting the size of defendant Greco's building and whether there had been any expansion at all.
At a meeting held February 4, 1992 defendant board voted to grant the variance. The vote of the board was as follows:
 In order to clarify the records, the board decided to grant the 18" variance for the building in that evidence of sufficient hardship was shown and that the alternations to the building, on or about 1980 did not extend beyond the original footprint. This was within the intent of the plan of zoning.
The decision to grant the variance appears to have been based upon two subordinate conclusions; one, that a variance had been proven and two, that the building had not been expanded.
Defendant board has authority to grant variances under the Zoning Regulations of the Town of Old Lyme. Section 52.1 of the regulations provides that the "Zoning Board of Appeals shall have all of the powers and duties prescribed by these Regulations and the General Statutes of the State of Connecticut." The General Statutes confer upon zoning boards of appeal authority to grant variances with the following language:
"(3) to determine and vary the CT Page 3722 application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . ."
8-6, Conn. Gen. Stat.
"A local zoning board has the power to grant a variance under General Statutes 8-6(3) where two basic conditions are satisfied: `(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinances must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.'" Smith v. Zoning Board of Appeals, 174 Conn. 323,326 (1978).
The zoning regulations also set forth the following policy for the granting of variances:
52.2 Policy for Grant of Variances: It shall be the policy of the Zoning Board of Appeals, when exercising the power to determine and vary the application of these Regulations as described in Par. 52.1.3, to make all of the following findings:
 52.2.1 that there exist conditions, fully described in the findings, especially affecting the parcel of land for which a variance is sought, as a result of which conditions a literal enforcement of these Regulations would result in exceptional difficulty or unusual hardship;
 52.2.2 that such conditions do not affect generally the district in which the parcel is situated; CT Page 3723
 52.2.3 that, for reasons fully set forth in the findings, the variance is necessary to relieve the exceptional difficulty or unusual hardship and is the minimum necessary to accomplish such purpose; and
 52.2.4 that the variance will be in harmony with the purpose and intent of these Regulations and will conserve the public health, safety, convenience, welfare and property values.
In its decision of February 4, 1992 defendant board did not follow the policy set forth in 52.2. No subordinate findings, as required by the section, were made, the board merely found that there was sufficient evidence of hardship. In such situations it is necessary for the court to search the record to find the basis of defendant board's action. Ward v. Zoning Board of Appeals, 153 Conn. 141, 144 (1965).
A search of the record here indicates that the only evidence of hardship was that alleged by defendant Greco's attorney in his letter of January 7, 1992.
A builder, hired by Greco, performed an alteration to the building which resulted in an expansion of the building beyond its original size in violation of the zoning regulations. Proper permits had been obtained for the work and defendant Greco had no intention that the zoning regulation would be violated by the construction. Despite these good intentions the regulations were violated.
A person, such as defendant Greco, who seeks a variance from the strict application of the zoning regulations must show that because of some unusual characteristic of the property a literal enforcement of the regulations would result in an unusual hardship to him. Ward, 153 Conn. 141, 383. The hardship complained of must arise directly out of the application of the zoning regulations to circumstances or conditions beyond the control of the party involved. The board is without power to grant a variance where the claimed hardship is due to the property owner's own action. This includes action due to the error of those employed by the owner. Highland Park, Inc. v. Zoning Board of Appeals, 155 Conn. 40, 43 (1987) CT Page 3724
The hardship here did not arise out of the zoning regulations but was self created by defendant Greco. A self created hardship may never be considered proper ground for a variance. Pollard v. Zoning Board of Appeals, 186 Conn. 37,40 (1982).
In finding a hardship where no legal hardship had been established defendant board acted illegally and in granting the variance based upon the illegal hardship defendant board exceeded its authority.
Defendant board also based the variance on a finding that the alternation to the building did not extend beyond the original footprint. This conclusion appears to have been based upon discrepancies in the tax assessor's cards and is, in essence, a finding that no variance was necessary. If that was the case no variance should have been granted because no hardship was imposed by the regulations. "It is elementary that a variance is authority granted to the owner to use his property in a manner forbidden by zoning regulations." Grillo v. Zoning Board of Appeals, 206 Conn. 362,372 (1988).
Accordingly, the decision of defendant board granting the variance is reversed. General Statutes 8-8(e).
Purtill, J.