[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Scott Griffin and Maryann McGinniss, permittee and owner respectively of a package store known as On CT Page 6420 the Rocks Spirit Shop, have appealed from a decision of the Milford Board of Zoning Appeals denying their variance on property located at 379 New Haven Avenue.
The request for a variance was made by the plaintiffs pursuant to Sections 9.2.2 of the Milford Zoning Regulations seeking to vary Sections 5.4.1.2 and 5.4.5 of said regulations so as to allow them to move the Spirit Shop from its present location, 1362 New Haven Avenue, to a proposed location at 1379 New Haven Avenue.
The applicants seek to vary Section 5.4.1.2 of the regulations seeking to reduce the distance from the public entrance of the new location to the boundary line of the Borough Hall of the Borough of Woodmont, from the required 400 feet to 175 feet.
Also being sought is a variance of Section 5.4.5 of the regulations to allow a second liquor permit in a 50,000 square foot shopping center where 80,000 square feet is required.
A public hearing on the application was held on August 8, 1995. The request for the variances was denied on the same date and publication of the denial was made in the Register on August 11, 1995.
From this decision the plaintiffs have appealed to this court alleging that the Zoning Board of Appeals has acted arbitrarily, illegally and in abuse of its discretion.
In their appeal (paragraph 7) the plaintiffs allege that they are aggrieved by the decision of the Board of Zoning Appeals alleging that they are the permittee and owner of the On the Rocks Spirit Shop; that the plaintiff, Scott Griffin, is the applicant for the variance and that they are each taxpayers in the City of Milford. As t these allegations, the defendant alleges insufficient information or knowledge from which to form a belief and leaves the plaintiff to their proof.
The defendant Board of Zoning Appeals in their brief however, claim that the plaintiffs are not aggrieved since they show no legal interest in the proposed new location. The testimony of the plaintiffs at the time of trial indicated that there was no lease between she and the owner of the shopping center. The terms of a lease and a proposed lease (Exhibits B and CT Page 6421 C) were entered into evidence but neither of these documents are executed so that there are no legal rights or obligations passing between the parties.
"Section 8-8 of the Connecticut General Statutes allows an aggrieved person to appeal from decisions of zoning authorities to the Superior Court . . . To be an aggrieved person, one must be affected directly or relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights."Smith v. Planning and Zoning Board, 203 Conn. 317, 321; I.R.Stich Associates Inc. V. Town Council, 155 Conn. 1, 3,229 A.2d 545, (1967).
"Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal . . . The question of aggrievement is essentially one of standing . . . without pleading and proving aggrievement the plaintiffs lack standing to challenge the Board's decision." (Internal quotations and citations omitted). D. Bonaventura v. Zoning Board ofAppeals, 24 Conn. App. 369, 373.
While the appellants claim aggrievement, they cannot successfully demonstrate a specific personal or legal interest in the property to which they wish to relocate their liquor permit. They display no interest in the property, the subject matter of their request for variances, neither an ownership interest nor a leasehold interest. Exhibit B is a letter from one Norman Lotstein, an owner, setting forth the terms of a proposed lease. It is addressed to a Mr. Dan McGinniss whom the Court presumes to be the husband of Mary Ann McGinniss. Her testimony indicated that he has no involvement in the Spirit Shop except to help out, but was the permittee until 1995. Exhibit C is a proposed lease from the Realty Company for the proposed location. Again, it is addressed to Mr. Dan McGinniss. The covering letter with Exhibit C suggests that if the terms are agreeable that it be signed and returned to the Realty Company. The instrument does not bear the signature of either party.
While Mrs. McGinniss and Scott Griffin may desire to move the permit to a new location, they have no legal interest in the proposed new location and cannot therefore show any aggrievement. Without any aggrievement, they have no standing in which to bring CT Page 6422 this appeal.
The subject matter of this appeal is the denial of requested variances of §§ 5.4.1.2 and 5.4.5 of the City of Milford's Zoning Regulations.
The relevant portion of § 5.4.1.2 reads as follows:
 "In any shopping center exceeding 40,000 square feet (see Section 5.4.5) notwithstanding the foregoing, an establishment selling or serving alcoholic liquor may be located at least 400 feet from the uses listed in this section, i.e., . . ., or other public places; . . . . .
 The required distance (400 feet) shall be measured from the nearest public entrance door of the proposed liquor establishment (closest point in a straight line) to the nearest common boundary line shared by the above listed uses, i.e. . . . . or other public assembly places; . . ."
Section 5.4.5 reads as follows:
 "Notwithstanding the provisions of section 5.4.3 and 5.4.4, such shopping centers shall be allowed to have one liquor permit for each 40,000 square feet of floor area or major fraction thereof in said shopping center, except not more than one package or drug store shall be allowed in any such center. There shall be no limit to the number of grocery beer permits nor shall they be counted as liquor permits as mentioned in the foregoing paragraph."
The variance requested as to Section 5.4.1.2 seeks to vary the distance from the proposed package store from 400 feet to 175 feet. The purpose of the request was to move an already existing package store from its present location on New Haven Avenue to the subject location at 1379 New Haven Avenue on the opposite side of the street within a shopping center known as Grand Central Shopping Center. CT Page 6423
A member of the Board initially moved to deny the application for the variances. This motion failed on a 3 to 2 vote. Thereafter, a motion was made to grant the applicant's request. While the vote was 3 to 2 in favor this also failed pursuant to the terms of § 8-7 of the Connecticut General Statutes which required an affirmative vote of at least four (4) members of the Board.
 "The concurring vote of four members of the zoning board of appeals shall be necessary . . . to vary the application of the zoning by law, ordinance, rule or regulation." Section 8-7 Connecticut General Statutes.
The ultimate issue for this court to determine is whether the actions of the Board were arbitrary, illegal or in abuse of its discretions. Courts are not to substitute their judgment for that of the Board, and decisions by local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motive or upon valid reasons . . . The burden of proof to determine that the board acted improperly is upon the plaintiffs.
A local zoning board has the power to grant a variance under General Statutes § 8-6 (3) where two basic conditions are satisfied: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan" (internal citations and quotations omitted). Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654-55.
The appellant raises the issue that several variances have been granted in the same shopping center and that the board should have taken administrative notice of these actions and were thus bound by these actions. While variances may have been granted, it is not the duty of the board to search through its voluminous files to locate the same but rather the duty of the plaintiffs to specifically identify the same. In any event, the record does not disclose any previous applications for this same CT Page 6424 location but rather seems to indicate that variances may have been granted for other locations within the shopping center.
"The fact that one or more variances have been granted to landowners near the site of a proposed variance use does not constitute proof of undue hardship. Each case must be decided on its own merits, and it follows that a variance may not be justified on the ground that other variances had previously been issued in the immediate area. The granting of a variance to one landowner does not require the granting of a similar variance to a second owner in the same neighborhood. The board's liberal discretion however, is limited where it has previously acted on the same application relating to the same parcel. (Emphasis added). In such a situation, the zoning board of appeals is prohibited from reversing the previous decision unless the facts and circumstances have materially changed so as to affect the reason for the original decision and no vested rights have intervened." (Internal quotations and citations omitted), Hainesv. Zoning Board of Appeals, 26 Conn. App. 187, 191-92. The previous variances were not for the same location but were merely within the same shopping center nor were they the same application.
The only hardship that can be discerned from the record is one of a nature that can best be described as financial. The plaintiffs are attempting to relocate an outstanding package store permit to a more convenient and lucrative location within the Grand Central Shopping Center. "It is well settled that `self' inflicted or self created hardship . . . is never considered proper grounds for a variance" M R Enterprises Inc.V. Zoning Board of Appeals, 155 Conn. 280, 282, 2 Yokley Zoning Law and Practice (3rd Ed), S. 15.8, p. 159.
The Court finds that the defendant has not acted arbitrarily, illegally or in abuse of its discretion.
THE COURT
CURRAN, J.