BARBARA A. WHITE, ADMINISTRATRIX, *vs.* THE E. & F.
CONSTRUCTION COMPANY.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued June 6th—decided July 10th, 1929.

*Murray Reich,* for the appellant (plaintiff).

*William H. Comley,* for the appellee (defendant).

PER CURIAM.   Giving the plaintiff the benefit of the
evidence introduced by him which went farthest in
support of his cause of action and taking into account
every favorable inference that might reasonably be
drawn from it, we are unable to hold that the plaintiff
established the freedom of his decedent from negli-
gence which materially contributed to his death; on
the contrary we are of the opinion that no reasonable
conclusion can be reached other than that the dece-
dent's own negligence was a material and proximate
cause of his death.   He knew the material elevator
was liable to be in operation and that it could not be
seen unless one leaned over in the space through which
it descended.   While he remained on the platform or
ramp he was safe from injury from the descent of the
elevator.   He desired to get from this platform to the
ladder to the left of the elevator well.   By taking hold

of the upright of the scaffolding he could swing himself inside or back of this upright to the ladder and in doing this he would be in no danger from the descent of the elevator. Instead of adopting this method he started to swing himself from the ramp outside of this upright which brought him in the path of the descending elevator. When he saw or heard the descending elevator he tried to turn back; it was too late, the elevator struck him and he fell to the bottom of the well and in consequence of the injuries suffered, died. The nonsuit was properly granted.

There is no error.