[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (hereinafter "F.P.R.") applied to the CT Page 4890 Conservation Commission of the Town of Hebron (hereinafter "Commission") for permission to fill wetlands (.03 acre) and to erect a seasonal cottage on said property.
The application was denied for the following stated reasons:
1. Despite the fact that man-made and resultant natural alterations of the hydraulic functions of this property have occurred, the Commission still deems the property in question a wetland, pursuant to Sections 22a-38 through 22a-45 of the Connecticut General Statutes and its own regulations and is verified by the applicant's soil scientist.
2. The lot is a naturally low lying watershed drainage area that has been left undeveloped up until now and serves a significant environmental function.
3. The lot is in close proximity to significant environmental assets such as the abutting pond and its wetland periphery.
In this appeal from the action of the Commission, the plaintiff alleges it is aggrieved, that the Commission acted illegally, arbitrarily and abused its discretion, and that the action of the Commission resulted in an unconstitutional taking of its property without just compensation.
Aggrievement
Pleading and proving aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of an administrative appeal. I.R. Stitch Associates, Inc. v. Town Council, 155 Conn. 1, 2-3 (1967).
The plaintiff alleged aggrievement and the basis for that aggrievement in paragraphs 3 and 4 of its complaint.
The only evidence presented to the trial court was that of a real estate appraiser retained by the plaintiff to offer testimony as to the value of the property in question. Despite the lack of proof tendered by the plaintiff, the Court concludes from the record and pleadings that the plaintiff is aggrieved.
The first paragraph of the First and Second Counts of the complaint states that F.P.R. was the applicant to the CT Page 4891 Commission, which the answer admits. The application (ROR a) lists F.P.R. as the legal owner of the property. As owner and applicant the Court concludes the plaintiff is aggrieved by the decision of the Commission.
Illegal, Arbitrary Abuse of Discretion
The plaintiff claims that the Commission's decision was not based on the evidence before it, which evidence could only support a finding that no environmental harm would result. It argues that the surrounding area is already developed and there is no valid reason to deny permission to fill this lot which is approximately 100' x 104' in size. Plaintiff further maintains that the property is not within a designated wetlands and any possible wetland function has been compromised by past filling and grading.
Wetlands agencies are empowered to regulate activities which impact wetlands, even if those activities occur outside of the boundaries of the wetlands themselves. Aaron v. Conservation Commission, 183 Conn. 532, 542 (1981); Cioffoletti v. Planning and Zoning Commission, 209 Conn. 544,588 (1989).
It is also noted that a map prepared for the plaintiff and used by it in its proposal to the Commission shows a portion of the lot in question within a wetland area with an intermittent water course traversing the property (ROR b).
The plaintiff did not raise the claim before the Commission that the lot was not a wetland area. It applied for permission to fill a wetlands, its own map depicts the lot as largely wetlands and its soil scientist, while reporting that the wetland function of the property was already compromised, does not dispute that it is within a wetland area, and discusses the adjoining wetlands as well (ROR h).
The plaintiff presented reports from a biologist (ROR g) and a soil scientist (ROR h) generally indicating that the proposal would have a minimal impact to the wetlands. The Commission chose not to accept the conclusions of the plaintiff's experts. If the record indicates why the Commission chose to reject the conclusions reached by the plaintiff's expert (the basis of its knowledge), the record may then be examined to evaluate the reasonableness of the decision. A wetlands agency is permitted to rely on its local knowledge. Manor Development Corporation v. Conservation Commission, 110 Conn. 692, 697, 701 (1980); Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, CT Page 4892 542, 547 (1987).
The record shows that the Commission members were familiar with the site. The chairperson knew the site (Meeting Minutes July 15, 1991) and suggested at that meeting that the other members walk the site. At the next meeting of the Commission on July 22, 1991, four (4) other Commission members stated they walked the site (Meeting Minutes July 22, 1991).
Thus establishing the basis of its knowledge, from the record it appears that the site is the low point in the area, there is a substantial flow of water into it, it is in close proximity to a pond, it has high groundwater, it is a pocket for surface water runoff, it is a base for a watershed (Meeting Minutes May 20, 1991, July 15, 1991 and July 22, 1991). The Court finds that the second and third reasons stated for the denial of the application are reasonably supported by the record.
With respect to the first reason, there is ample support to find that the lot is within a wetland area. As such it is subject to appropriate statutory and regulatory requirements.
It appears from the record that the regulatory requirements prohibit hook-up to a town sewer system (assuming one is available) unless the parcel is capable of being served by an on site septic system. The plaintiff's soil scientist, Earl E. Beebe conceded that a septic system could "probably not" function on this property.
By letter dated March 8, 1991 to the Town of Hebron and attached Guide Document from the State of Connecticut Department of Environmental Protection concerning development restrictions in environmentally sensitive areas (which include wetlands), funding to municipalities for water pollution control projects requires that "if an approvable conventional waste water disposal system cannot be constructed to health code standards on the property (without any variances to the State Health Code), then it is our intention to avoid providing the property owner with a means to develop that otherwise undevelopable property." The D.E.P. Guide Document goes on to indicate the D.E.P. would approve a sewer connection if the property could support an onsite waste water disposal system. (ROR f).
Thus, the record further supports the decision of the Commission as stated in reason number one.
Taking of Property Without Compensation CT Page 4893
The plaintiff submits that, since this property can only be used for a seasonal cottage, its value is merely nominal if the Commission's ruling is permitted to stand, citing principally Chevron Oil Company v. Zoning Board of Appeals,170 Conn. 146 (1976) and Gil v. Inland Wetlands and Water Courses Agency of the Town of Greenwich, 23 Conn. App. 379
(1990) and 219 Conn. 404 (1991).
At the hearing before this Court, the plaintiff called one witness, Leonard Gottlieb, a real estate appraiser with knowledge of property values in the area.
He testified that the fair market value of the property is $15,000.00 (which is what the plaintiff paid for it in 1988) as a building lot. Without a building permit he believed it had a nominal value of $1000.00. The property is zoned for seasonal use only according to Mr. Gottlieb. It is close to Amston Lake which is privately owned for the use of lot owners in a certain area near the lake, including the owner of the lot in question.
The Court is not satisfied that this sole application and denial is a violation of Article I, Section II of the Connecticut Constitution: "The property of no person shall be taken for public use, without just compensation therefor." In short the plaintiff has not proved at this point in time that it is left with no other economically viable use for its property. Gil v. Inland Wetlands Watercourses Agency,219 Conn. 404 (1991).
The only testimony presented was that of the appraiser. None of the partners of F.P.R. testified and there was therefore no evidence as to reasonableness of investment backed expectation of development. Gil, supra at pages 412.
Under the circumstances of this case at this time the Court does not find there has been a taking of property without just compensation.
For the foregoing reasons, the appeal is dismissed.
BY THE COURT,
KLACZAK, J. CT Page 4894