NELLIE S. HEADY *v.* ZONING BOARD OF APPEALS FOR THE TOWN OF MILFORD ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 4, 1952—decided February 3, 1953

*Ephraim E. Sinn,* for the appellant (defendant Viola).

*Joseph Weiner,* with whom was *William Gitlitz,* for the appellee (plaintiff).

BALDWIN, J.  The defendant zoning board of appeals granted a variance of the zoning regulations in favor of the defendant Viola.  The plaintiff, an adjoining property owner, appealed to the Court of Common Pleas.  That court directed that judgment be entered sustaining her appeal.  The defendant Viola has appealed from the judgment.

The finding is not subject to correction.  It discloses the following facts:  The plaintiff owns and resides in a dwelling house located on Cherry Street in Milford.  The defendant Viola owns a dwelling house next door and to the east.  Both properties are in a residence A zone, which is limited to single-family dwellings.  Milford Zoning Regs., Art. 3, § 3 — 1 (1).  For some time prior to 1949, the defendant Viola, whom we shall call the defendant, lived with his family in his one-family frame dwelling.  It has seven rooms, three downstairs and four up.  A fourth room was added to the first floor sometime before 1951.  The defendant is a physician and he kept his professional office in his home.  This was permitted as an accessory use under the zoning regulations.  Id., Art. 3, § 3 — 1 (22).  Since 1949, the defendant has maintained a home for himself and his family at Bayview in another part of Milford.  He continued, however, to use his house on Cherry Street for his office.  Having previously been denied a permit for two additional offices, the defendant, on August 14, 1951, applied to the building inspector for a permit for one additional medical and dental office

in his Cherry Street house. His purpose was to rent this additional office to a dentist. The building inspector refused the permit as one calling for a nonconforming use, and the defendant applied to the zoning board of appeals for a variance. The zoning regulations require that an application for a variance must be transmitted by the building inspector to the secretary of the planning and zoning board, as well as to the board of appeals, and that the planning and zoning board shall make a report thereon to the board of appeals before that board makes its decision upon the application. Milford Zoning Regs., Art. 5, § 5 — 5 (B) (3). On August 16, the planning and zoning board recommended that the defendant's application be denied as a nonconforming use.

The board of appeals held a hearing on the defendant's application on September 6, 1951. The plaintiff and others appeared and were heard in opposition. On the same date, the board voted, four to one, in executive session, to approve the defendant's application and grant the variance. The zoning regulations require that before a variance is granted the board of appeals shall include a written finding in its minutes stating specifically the exceptional conditions, the practical difficulties or the unnecessary hardships involved. Milford Zoning Regs., Art. 5, § 5 — 5 (A) (3). The minutes of the board were made a part of the finding. From an entry therein it appears that it was voted "that permit be granted to Dr. Carl P. Viola to have one additional Medical-Dental Office at his present address at No. 26 Cherry Street, Milford, Conn. Reason:—on basis of allowing Dr. Viola to put the property to its best use, denial of which would be a practical difficulty." The variance having

been granted by the board, the defendant, in September, 1951, secured a permit to make repairs so that the rooms on one side of the first floor of his house on Cherry Street could be used as his medical office and those on the other for a dentist's office, and a certificate of occupancy for such use was issued to him. Since then, the defendant and a dentist have used the first floor of the premises for their offices. The defendant has removed most of his household furniture and no longer occupies the house as a dwelling. Since the two offices have been established, there has been an increase in the parking of cars, both in the street and in the driveway on the property, and there have been more people entering and leaving the premises, particularly during three nights each week when the defendant has office hours. All this interferes with the comfort and use of the plaintiff's premises.

The trial court concluded that there were no practical difficulties or unnecessary hardship which justified the allowance of a variance and that the action of the board in granting one was illegal, arbitrary and in abuse of its discretion. The defendant claims error in this conclusion. The zoning regulations of the town of Milford provide that the zoning board of appeals shall have the power, among others not pertinent here, to "authorize upon appeal in specific cases variances from the terms of [the] regulations, where by reason of exceptional shape, size or topography of lot, or other exceptional situation or condition of the building or land, practical difficulty or unnecessary hardship would result to the owners of said property from a strict enforcement of [the] regulations." Milford Zoning Regs., Art. 5, § 5 — 5 (A) (3). They further provide that the powers of the board "shall be exercised, subject to appro-

priate conditions and safeguards, in harmony with the purpose and intent of [the]regulations and in accordance with the public interest and the most appropriate development of the neighborhood." Id., Art. 5, § 5 — 5 (A).

The power to grant a variance in the application of established zoning regulations should be exercised charily. *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 120, 90 A.2d 647. The obvious reason is that unless great caution is used and variations are granted only in proper cases, the whole fabric of town- and city-wide zoning will be worn through in spots and raveled at the edges until its purpose in protecting property values and securing an orderly development of the community is completely thwarted. *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 309, 71 A.2d 91; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 540, 45 A.2d 828; *Grady* v. *Katz,* 124 Conn. 525, 529, 1 A.2d 137. The facts of this case do not bring it within the provisions of the ordinance. The defendant seeks, by means of a variance, to change the use of his property completely. It is to be no longer the home of a doctor in which he maintains his office and from which he conducts his practice. It is to become a small professional office building. The considerations which moved the defendant to seek the change were concerned with his own convenience and financial interest. He was building a new home and his problem was how best to dispose of the old one. A dentist who was seeking an office but could find no location that suited him or that he thought was not too expensive was available as a tenant. It was to the defendant's financial advantage to convert his Cherry Street property into an office building. This did not warrant a relaxation of the zoning regulations on the ground of

practical difficulty or unnecessary hardship. *Celantano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101; *First National Bank & Trust Co.* v. *Zoning Board of Appeals,* 126 Conn. 228, 238, 10 A.2d 691; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 283, 27 A.2d 389. A variance should not be granted unless it is in harmony with the general purpose and intent of the zoning ordinance. *Gunther* v. *Zoning Board of Appeals,* supra; *Kamerman* v. *LeRoy,* 133 Conn. 232, 235, 50 A.2d 175. It should not be used to accomplish what is in effect a substantial change in the uses permitted in a residence zone. That is a matter for the consideration of the zoning commission. *Greenwich Gas Co.* v. *Tuthill,* 113 Conn. 684, 694, 155 A. 850. The trial court did not err in its conclusion that the action of the defendant board was illegal and in abuse of its discretion.

The defendant's claim that the plaintiff cannot appeal from the action of the board is without merit. The premises she owns and occupies are directly affected by the variance granted and she is an aggrieved person within the meaning of the statute pursuant to which the zoning regulations were enacted. General Statutes, Sup. 1951, § 160b; *Kamerman* v. *LeRoy,* supra, 237; see *Beard's Appeal,* 64 Conn. 526, 533, 30 A. 775.

The defendant objected to the admission of the zoning regulations in evidence. He alleged that they were invalid because there was not a quorum of the members of the town planning and zoning board present at the meeting on August 29, 1950, when the regulations were adopted. The defendant, however, invoked these same regulations in his own behalf. He twice sought permits to alter the use of his premises, he applied to the board of appeals for a variance and, this having been granted, he accepted

a certificate of occupancy, all pursuant to the zoning regulations. Milford Zoning Regs., Art. 5, §§ 5 — 3, 5 — 4, 5 — 5. He is estopped from asserting their invalidity in this proceeding. *Chudnov* v. *Board of Appeals,* 113 Conn. 49, 57, 154 A. 161; *Strain* v. *Zoning Board of Appeals,* 137 Conn. 36, 38, 74 A.2d 462; *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 252, 83 A.2d 201. The admission of the regulations in evidence was proper. The admission of testimony concerning the defendant's application for a building permit to erect a dwelling house next to his Bayview property was likewise correct. This evidence was designed to show that the defendant did not intend to live in his Cherry Street house and that the maintenance of his professional office there was no longer a permissible accessory use.

There is no error.

In this opinion the other judges concurred.