[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves an appeal from the defendant Planning and Zoning Commission of the Town of Madison (hereinafter referred to as "TPZ") approval of a proposed location of an automobile junk yard pursuant to the statutory requirements of14-67g et seq. Conn. Gen. Stat. The appellant raises two issues for the court's consideration in seeking to sustain its appeal; the legality of a vote by a commission member who had previously recused himself on the grounds that he was unfamiliar with the proceedings by reason of having missed prior hearings on the Application and secondly, whether the TPZ adequately considered the items mandated for their review under 14-67k
C.G.S.
Preliminary to the court's consideration of these issues, however, is the question of "standing" on the part of the appellants as aggrievement, while claimed on the part of the appellant/plaintiffs, is denied by the defendants in their answer. See Smith v. Planning Zoning, 203 Conn. 317, 321.
The court on December 4, 1992, received evidence from several of the named plaintiffs who testified that they owned and continue to own property, consisting of residential real estate in near proximity to the site specified in the Application filed with the TPZ. While the appellants in some cases abut the property under consideration or are within 100 feet and would be statutorily aggrieved, they all offered testimony which the court accepts that their property has suffered a diminution in value as a result of the activity brought about by the conduct of the applicants' business of an automobile junk yard as authorized by the permit. If a landowner is directly affected by the action of the Zoning Authority, he is an aggrieved person within the meaning of the General Statutes 8-8. Hurlbert v. Zoning Board of Appeals, 158 Conn. 187, 194. The plaintiffs additionally testified as to increased traffic, noise, fumes on occasion and other disturbances all of which have resulted in their being directly and specifically affected by the applicants' activities as permitted by the decision of the TPZ and constitutes a further basis for the court to determine, and the court so finds, that the appellants are aggrieved persons within the meaning of the statute and accordingly have standing to prosecute this appeal. Bell v. Planning Zoning Commission, 174 Conn. 493,496.
Turning to the claims of error presented to the court, the appellants assert that under 14-67k C.G.S. the TPZ are mandated CT Page 823 to consider the effect of the activity sought to be permitted which it would have upon "the nature and development of surrounding property" and the "health, safety and general welfare of the public." The minutes of the meetings of April 2, 1992 reflect that the TPZ received and considered letters and testimony regarding matters of health and safety and neighborhood concerns for the contemplated activities. The court presumes from the vote approving the Application that the TPZ felt that these concerns were not of sufficient consequence to deny the Application. It is, of course, not the function of this court to retry the evidence but we are constrained only to determine whether there was sufficient evidence before the Board to support its decision, Bova v. Zoning Board of Appeals, 161 Conn. 297 and that such decision was not simply made arbitrarily and in abuse of its discretion. It is clear from the record that the court did consider the effects of the junk yard activities as mandated.
The remaining question presented to the court is the propriety of a member who initially recused himself from voting on the Application and later after the public hearing and a vote denying the Application determined that he now was sufficiently familiar with the matter under consideration and then, upon renewal of the motion, voted, with the result that the Application was approved.
The plaintiffs claim that the abstaining member could not have sufficiently acquainted himself with the proposal so as to remove the basis for his recusal.
The record (Document #3-Minutes of Meetings of January 16, 1992, February 20, 1992 and April 2, 1992) indicate (Page 74) that Mr. Keim received an update on the Application of Mr. Nedobity to operate the junk yard. At the meeting of April 2, Mr. Keim initially indicated he would excuse himself from voting because he had missed the two prior meetings and had not listened to the tapes. After the vote was taken from which Keim abstained, Keim then indicated that he had now read the minutes of the previous meetings on the Application and having sat through the public hearing and Commission discussion immediately preceding the vote, he now felt qualified to vote on the Application.
The burden is upon the appellant to demonstrate that Keim failed to sufficiently acquaint himself with the issues so as to enable him to make an informed decision. New Haven v. Public CT Page 824 Utilities Commission, 165 Conn. 687, 724. Here the court is confined to the record as submitted as no evidence as been offered in addition to it and Commissioner Keim in subsequently electing to participate in the vote noted that he was then, in his opinion, qualified to vote on the subject.
While it is true generally that a member of an administrative agency who did not participate in the proceedings and attend the public hearing is not entitled to vote on a matter before the agency, Watson v. Howard, 138 Conn. 464, 466, it has been determined that a member who did not attend one or more of the public hearings but who listened to a tape and otherwise familiarized himself with the subject matter so as to enable him to make an informed judgment may properly vote on the Application. Loh v. Town Plan Zoning Commission, 161 Conn. 32,42. Also discussed in Meeker, et al v. Planning Commission of the City of Danbury, et al, Superior Court, Judicial District of Danbury No. 302466. 7 Conn. L. Rptr. No. 1, 10 (July 27, 1992).
The determination by a commission member as to his familiarity with the subject matter under consideration so as to properly allow him to participate in the voting process is not subject to evaluation by the court absent extrinsic evidence to the contrary. Here the member concluded that he felt he was qualified to vote on the question for reasons stated on the record and consequently the court must accept that conclusion.
Accordingly, the appeal is dismissed and judgment may enter for the defendants.
George W. Ripley, Judge