[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Zoning Board of Appeals of the Town of Hamden ("board") granting a variance, as to real property known as 1340 Whitney Avenue, of sections 734.a and 734.b[1] of the Zoning Regulations of the Town of Hamden ("regulations") to allow a veterinary hospital on a lot of 9,800 square feet where 80,000 square feet is required. The plaintiff Patricia Earley resides at and is the sole owner of real property known as 1338 Whitney Avenue, which abuts 1340 Whitney Avenue. The court finds the plaintiff is aggrieved and has standing to CT Page 11683 bring this appeal.
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 205, 658 A.2d 559 (1995). The trial court must determine whether the board's action was "arbitrary, illegal or an abuse of discretion." Id., 233 Conn. 205-06. In this case, the plaintiff claims the board failed to state its reasons and failed to describe the exceptional difficulty or unusual hardship on which its decision to grant the variance was based, contrary to the requirements of General Statutes § 8-7; varied the application of the regulations to the property despite the absence of a condition specifically affecting the property but not the district in general so that a literal enforcement of the regulations would result in unusual hardship, contrary to the requirements of General Statutes § 8-6(a)(3) and section 861.2 of the regulations; and granted the application for financial hardship alone, contrary to the same section of the regulations.
Section 8-7 of the General Statutes provides, in pertinent part, that: "Whenever a zoning board of appeals grants or denies any . . . variance in the zoning regulations applicable to any property . . . it shall state upon its records the reason for its decision and . . . when a variance is granted, describe specifically the exceptional difficulty or unusual hardship on which its decision is based." Section 8-6(a)(3) of the General Statutes provides, in pertinent part, that: "The zoning board of appeals shall have the following powers and duties . . . to determine andvary the application of the zoning bylaws, ordinances or regulations inharmony with their general purpose and intent and with due considerationfor conserving the public health, safety, convenience, welfare andproperty values solely with respect to a parcel of land where, owing toconditions especially affecting such parcel but not affecting generallythe district in which it is situated, a literal enforcement of suchbylaws, ordinances or regulations would result in exceptional difficultyor unusual hardship so that substantial justice will be done and thepublic safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. (Italics supplied)" Section 861.2 of the regulations of the Town of Hamden contains the italicized language from § 8-6(a)(3) and, in addition, provides: "Financial hardship alone shall not be considered an exceptional difficulty or unnecessary hardship."
The Supreme Court has interpreted section 8-6(a)(3) "to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the CT Page 11684 strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. . . . Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. . . . A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance. (Internal quotation marks omitted; internal citations omitted)." Bloom v. Zoning Board of Appeals, supra,233 Conn. 207-08. "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone."Reid v. Zoning Board of Appeals, 235 Conn. 850, 857, 670 A.2d 1271
(1996). "The hardship which justifies aboard of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved."Kaeser v. Zoning Board of Appeals, 218 Conn. 438, 445, 589 A.2d 1229
(1991).
In this case, the applicant, a contract purchaser of the subject property, sought to vary section 734.a of the regulations which requires an 80,000 square foot minimum lot size for a veterinary hospital located in a residential district.[2] Because the board did not render a "formal, official, collective statement of reasons for its action,"Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v.Planning Zoning Commission, 220 Conn. 527, 544, 600 A.2d 757 (1991), the court must search the record for a basis for the board's decision,Connecticut Resources Recovery Authority v. Planning ZoningCommission, 225 Conn. 731, 743, 626 A.2d 705 (1993), to vary the regulation requiring 80,000 square feet for a veterinary hospital in a residential zone to allow one on the subject property which is 9,800 square feet.
The record reveals no evidence of the exceptional difficulty or unusual hardship required to support the board's decision to grant a variance. The defendant points to a question[3] that the chairman of the board, Gerry Dimenstein, asked Roger O'Brien, the town planner, as justifying the board's decision. O'Brien's opinion that he was not "sure what the applicant is proposing is really a veterinary hospital as envisioned by the regulations" does not provide any evidence to support the finding of legal hardship necessary to grant the variance. The application specifically sought a variance to allow a "veterinary hospital" and that was the variance granted. Section 210 of the regulations defines a "veterinary hospital" as a "facility for the diagnosis, treatment and/or CT Page 11685 care of animals by a veterinarian licensed by the State of Connecticut." All the representations made in support of the application indicated that the applicant intended to operate a "cat hospital" or a "dog hospital" or both, transcript pp. 3, 18, 22-23, 24, 25, well within this definition.
In addition, when the board specifically inquired as to the basis for the applicant's claim of hardship, the husband of the owner of the subject property gave his opinion that "one [hardship] would be the regulation itself that 80,000 square feet is something that is outdated and not really pertinent to this particular type — if you want to call it — a hospital. I don't know if it is a hospital, but I think the regulation is outdated." (Transcript p. 19). Even if the board agreed that the regulation was outdated and not pertinent, it could not act on that belief to find hardship. "[A variance] should not be used to accomplish what is in effect a substantial change in the uses permitted in a residence zone. That is a matter for the consideration of the Zoning commission. Heady v. Zoning Board of Appeals, 139 Conn. 463, 468,94 A.2d 789 (1953). The power to repeal, modify or amend a zoning ordinance rests in the municipal body which had the power to adopt the ordinance, and not in the zoning board of appeals. Greenwich Gas Co. v.Tuthill, 113 Conn. 684, 694, 155 A. 850 (1931). (Internal quotation marks omitted)." Kaeser v. Zoning Board of Appeals of Stratford, supra,218 Conn. 446.
Moreover, the rationale that the regulation is outdated and not pertinent applies not only to the subject property but to any property located in the same residential district as the subject property. The Town of Hamden has five residential districts and only the R-1 district provides for 80,000 square foot lots. Regulations, § 401. The parties agree that the subject property is located in a R-4 district, which by regulation allows one-family dwellings on lots having a minimum area of 10,000 square feet. Thus, this rationale applies to all the properties in this district, indeed all the properties in four out of the town's five residential districts, that are less than 80,000 square feet in area. It is axiomatic that if application of a regulation would in general affect all properties in the same district, as it would here, then the applicant has failed to demonstrate hardship peculiar to the subject property.Id., 218 Conn. 445. "It is well-settled that the hardship must be different in kind from that generally affecting properties in the same zoning district." Smith v. Zoning Board of Appeals, 174 Conn. 323, 327,387 A.2d 542 (1978).
Finally, the defendant argues the board could find hardship based on the size of the lot. The subject property is a nonconforming lot in the R-4 district because it is only 9,800 square feet in area. However, there was no evidence presented to support a conclusion that this size, the CT Page 11686 topography, the, shape of the lot or the building itself created any unusual hardship or made the lot unsuitable for any other use other than as a veterinary hospital. The record reveals that variances were granted for the subject property, in the 1950s, to operate a dance studio, in 1984, to convert the dance studio to offices, and, in 1985, to build a two family house. These variances can be enjoyed not only by the present owners of the property but by all subsequent owners. Garibaldi v. ZoningBoard of Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972). The fact that the building has been used as a commercial building rather than a residence does not demonstrate unusual hardship. To the contrary, it provides evidence that the property can be used in a manner consistent with the regulations and the variances previously granted. Thus, this record is inadequate even to support a finding of financial hardship which, of course, by itself would not establish the requisite hardship.
Having searched the record for evidence to support the board's decision to grant a variance of section 734.a to allow a veterinary hospital on the subject property and having found none, the plaintiff's appeal is sustained in its entirety. See footnote 1, supra.
LINDA K. LAGER, JUDGE