[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Mark Thanassi, Wendy Thanassi, Robert Fitzgerald, and Mary Fitzgerald appeal from a decision of the defendant, the Zoning Board of Appeals of the town of Branford (the ZBA), granting a variance to the defendants, Cynthia Conrad and Carolyn Mazure.
I. BACKGROUND
The defendants Conrad and Mazure are the owners of 21 Pawson Trail, Branford which is a residential dwelling and lot. The lot is approximately 4,800 square feet in size, and constitutes a pre-existing nonconforming lot located in an R-3 zone under the zoning regulations of the town of Branford, which require a minimum lot area of 15,000 square feet.
On August 21, 2001, Conrad and Mazure submitted a variance application for 21 Pawson Trail. The application sought variances with respect to the street line and side yard setback, a waiver of the narrow street requirement, and a waiver of the expansion of a nonconforming building requirement. Specifically, Conrad and Mazure sought to add a full second floor to their existing structure. The modification would reduce the existing 38.6% lot coverage to 37.7% coverage. The variances sought did CT Page 10615 not exceed the 30 foot maximum height requirement: the proposed addition was 25'9" at its peak. If Conrad and Mazure were to comply with zoning requirements for their specific classification, the only structure that would be permitted as a matter of right would be a space of approximately 10' x 23'. On the application, Conrad and Mazure claimed hardship because it was "difficult, if not impossible, to make modest improvements within the confines of existing zoning requirements". (See Exhibit #1). They further claimed that their hardship was unique since most other properties in the neighborhood had been expanded and improved prior to the current zoning standards.
On September 18, 2001, the ZBA held a public hearing on the application, at which the plaintiff Thanassis, through counsel, and the plaintiff Fitzgeralds, as well as other neighborhood landowners, spoke in opposition to the variances. Several neighborhood landowners spoke in favor of the variances. After discussion, all members of the ZBA voted in favor of granting the variances. The plaintiffs now appeal from the ZBA decision granting the variances. This appeal was heard by the court on July 18, 2002.
II. JURISDICTION
Appeals from decisions of a zoning board of appeals to the Superior Court are governed by Connecticut General Statutes § 8-8.
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiffs appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). "The jurisdictional requirement of aggrievement serves both practical and functional purposes in assuring that only those parties with genuine and legitimate interests are afforded an opportunity to appeal . . ." Zoning Board of Appeals v. Planning Zoning Commission,27 Conn. App. 297, 300-301, 605 A.2d 885 (1992).
For the purposes of appeals from a zoning board of appeals an `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board. Connecticut General Statutes § 8-8 (a)(1). In this case, the Thanassis and the Fitzgeralds are qualified as such property owners. The court, therefore, concludes that the plaintiffs are aggrieved under § 8-8 (a)(1).
An appeal from a zoning board of appeals must be commenced within fifteen days of the date that the board's notice of decision is published. Connecticut General Statutes § 8-8 (b). Here, the notice of decision was published in the Branford Review on September 26, 2001. The CT Page 10616 marshal's return indicates that the marshal served the ZBA by leaving a true, attested copy of the original writ, summons and complaint with the chairman of the ZBA, the town clerk, and the defendant property owners on September 21, 2001.
It is clear that service was before the actual publication in the Branford Review. However, the decision was a matter of public record as of September 20, 2001 in the town clerk's office. Moreover, the defendants have not claimed any prejudice nor point to any injustice which occurred as a result of the service occurring before the Branford Review publication. Therefore, this court concludes that appropriate subject matter jurisdiction exists and that the appeal may be decided on its merits.
III. STANDARD OF REVIEW
The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established. The trial court must determine whether the zoning board's decision in granting the variance was arbitrary, illegal or an abuse of discretion. Bloom v. Zoning Boardof Appeal, 233 Conn. 198, 205-206, 658 A.2d 559 (1995). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Id., 206. In appeals from zoning decisions, the evidence supporting the reason must be substantial. Huck v. InlandWetlands Watercourses Agency, 203 Conn. 525, 540, 525 A.2d 940 (1987).
"The trial court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support [the board's] findings. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can reasonably be inferred. . . . Where the board states its reasons on the record, we go no further." Norwood v. Zoning Board ofAppeals, 62 Conn. App. 528, 532 (2001). Although individual members of the ZBA discussed reasons for granting the variance in question, the board did not state a collective, official reason for its action. Accordingly, the court must search the record as a whole to determine whether the evidence supports the board's decision. Bloom v. Zoning Board ofAppeals, 233 Conn. 208-09.
IV. DISCUSSION
CT Page 10617
"Variances are, in a sense, `the antithesis of zoning.' T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) p. 124. Connecticut General Statutes § 8-2 authorizes the zoning commission of each municipality to regulate, inter alia, the size, location and use of buildings. In accordance with § 8-2, a zoning regulation must be applied uniformly throughout each district. The law governing variances is well established. "Section 8-6 (a)(3) provides in relevant part that a zoning board of appeals may `determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship. . . .'" Reid v.Zoning Board of Appeals, 235 Conn. 850, 856-57, 670 A.2d 1271 (1996).
Connecticut General Statutes § 8-6 has been interpreted "to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. . . . Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance." Bloom v. Zoning Board of Appeals, 233 Conn. 207-208.
The plaintiffs' primary argument in support of their appeal from the ZBA's granting of the variance is that there is nothing in the record to justify the ZBA's finding of a hardship. Specifically, the plaintiffs argue that there has been no showing of a hardship relating specifically to the property in question. The defendants, however, contend that there are sufficient facts to support a conclusion that the operation of the zoning regulations has caused Conrad and Mazure an unusual hardship in not allowing them to make even modest upgrades to their home.
"It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district."Francini v. Zoning Board of Appeals, 228 Conn. 785, 790, 639 A.2d 519
(1994).
The outcome of this case is largely determined by the type of variances that were requested. The variances, in fact, reduce the coverage of the lot and do not exceed the height requirement. The plaintiff Thanassi's assertion that they will be limited in light and have in effect a 54' by 25' "wall" is not credited by the court given the relative property CT Page 10618 locations, the existence of a sloping lot in which the plaintiff Thanassi house has the higher elevation, as well as the existence of a large tree in the area of the complained "wall". Moreover, the chief complaint of the plaintiffs — that being the height of the structure — is in an area where no variance was sought, nor required by zoning. The extremely limited space in which any improvements could be made by the defendants is in fact a unique hardship which is not present in all homes similarly situated.
"The power to grant a variance in the application of established zoning regulations should be exercised charily. . . . The obvious reason is that unless great caution is used and variations are granted only in proper cases, the whole fabric of town- and city-wide zoning will be worn through in spots and raveled at the edges until its purpose in protecting property values and securing an orderly development of the community is completely thwarted." Heady v. Zoning Board of Appeals, 139 Conn. 463,467, 94 A.2d 789 (1953).
In this case, the ZBA carefully considered the arguments both for and against the variances requested. The court, therefore, concludes that the ZBA acted fairly and upon valid reasons. The plaintiffs have failed to establish their required burden of proof namely: to demonstrate that the board acted improperly. There is no evidence that the ZBA acted in an arbitrary or illegal manner or that it abused its discretion. The court finds that the granting of the variances to the property of 21 Pawson Trail, Branford by the ZBA was appropriate and proper under the circumstances.
V. CONCLUSION 
The court finds that the ZBA decision is supported by substantial evidence in the record. Accordingly, the appeal is ordered dismissed.
ALEXANDER, J.