[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an appeal of a decision by the defendant Hamden Zoning Board of Appeals ("ZBA") to grant variances of applicable density and front yard regulations to the defendant Hamden Hall Country Day School, Inc. The plaintiffs are eighteen landowners and the Whitneyville Civic Association.
On July 24, 1995, Hamden Hall filed an application for two groups of variances to zoning regulations applicable to a projected special permit application. The school wishes to build an athletic facility with a footprint of 28,435 square feet as an addition to existing facilities. The present school buildings occupy 50,172 square feet which is 17.85% of the school's preexisting campus of 281,080 square feet. If the variances are approved, building footprints would total 22.4% of the expanded site of 384,120 square feet. The local regulation allows, absent a variance, a maximum of 15% lot coverage for buildings. The school's proposed sports facility would raise its footprint of buildings from a presently excessive 17.85% to an even more excessive 22.4%. The campus as a whole would be built to 1-1/2 times the density allowed by the regulation. The new building would protrude 35 feet into the 100 foot front yard.
The application states the hardship to be:
"Based upon the location, shape and size of the parcel, CT Page 5987 current use, the variances are necessary to construct the proposed gymnasium and pool."
The school offered four approaches in support of its application. It submitted:
 (1) that the facilities and site plans were needed by the school for its athletic program and also contained improvements over the current site plan in certain areas of general concern such as traffic and parking;
 (2) that a new double gymnasium was needed to comply with Title IX of the Federal Civil Rights Act (20 U.S.C. § 1681 et seq.), mandating nondiscrimination between male and female students;
 (3) that at least the front yard variance was necessitated by "topography or the trapezoidal" shape of the site; and
 (4) that similar variances had been granted to schools in the past.
AGGRIEVEMENT
Aggrievement was not contested at the hearing in the matter and sufficient evidence was introduced from which the court could conclude that the plaintiffs were aggrieved.
DISCUSSION
The power of the Hamden Zoning Board of Appeals to grant variances like that of all boards operating under the General Statutes is contained in § 8-6(a)(3). That section provides that the Board of Appeals is authorized:
 "(3) to determine and vary the application of zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a CT Page 5988 literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed."
The Hamden Zoning Regulations likewise provide for unique hardship and defines that term in § 861.2 of the Regulations in language virtually identical to the statute.
Section 861.3 of the Hamden Regulations contains a local test for the granting of variances which, in the opinion of the court, accurately summarize our law on this matter. That section provides that variances shall be granted only upon finding: (a) that a literal enforcement of the zoning regulations would result in exceptional or unusual hardship, other than a solely financial hardship; (b) that the hardship is not a self-inflicted hardship which is a result of a previous action by the applicant; (c) that the applicant has demonstrated that no reasonable use of the property can be made for any use permitted in the applicable district; (d) that the applicant has demonstrated that he has pursued all other alternatives available to him under the regulations; (e) that the variance requested shall be the minimum variance necessary to allow a reasonable use of the land; and that the applicant has demonstrated that the granting of the requested variance will have no adverse effect on surrounding properties with regard to health, safety, welfare or property values.
Our Supreme Court has considered the nature and justification for variances in Kaeser v. Zoning Board of Appeals, 218 Conn. 438
(1991), in the following language:
 "The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus the power to grant a variance should be sparingly exercised. [Citations omitted.] An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. CT Page 5989 [Citations omitted.] The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. [Citations omitted.] When a claim of hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance." Kaiser, at 445.
In Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 597-598
(1990), the Appellate Court held:
 "A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by zoning regulations. [Citations omitted]. . . . The hardship must be different in kind from that generally affecting properties in the same zoning district. [Citations omitted.] It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Proof of hardship is a condition precedent to granting a variance. [Citations omitted.] The hardship must `arise from circumstances or conditions beyond the control of the property owner.'" Kelly,
at 597-598.
Hamden Hall did not seriously articulate a claim of difficulty or unusual hardship in the case before the court. In its initial presentation, the school argued that the requirements of Title IX of the Federal Civil Rights Act might justify its request. However, it is clear from the record that these requirements are imposed by federal law and not by the zoning regulation. Moreover, requirements not directly related to the property in question but rather to the mission of the user would appear never to justify in and of themselves a variance.
The record of the school's application consists of ample evidence to demonstrate the quality of the school and its value to its students. Unfortunately for the validity of the variance, the record does not establish "exceptional difficulty or unusual hardship" within the meaning of § 8-6(a)(3). The school's presentation indicated an admirable desire to improve its current operation. However, as our Supreme Court has held in Garibaldi v.Zoning Board of Appeals, 161 Conn. 235, 239-240: CT Page 5990
 "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance."
Unfortunately, the instant case presents the rather common scenario of a dedicated and well-intentioned local board which acted in a manner more appropriate to a town meeting than to a zoning board of appeals. It appears that the school has simply outgrown its location. It is already operating with variances that take it beyond what is normally allowed under the Hamden Zoning Regulations. The school and its officials have made an argument which might justify a change in zoning regulations. However, they have utterly failed to demonstrate a hardship unique to the property which justifies a variance.
For the foregoing reasons, the action of the Zoning Board of Appeals in granting the requested variances is reversed. The appeal is sustained and the matter is remanded to the Zoning Board of Appeals with direction to deny the requested variances.
THE COURT
KEVIN E. BOOTH, JUDGE