[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal where the plaintiffs, Osborn and Inger Elliott (Elliot) challenge the decision of the Borough of Stonington Zoning Board of Appeals (ZBA), approving a variance for Garbo Lobster Co., Inc. (Garbo) from the minimum rear yard requirement to construct an uncovered deck between a building predating zoning and the edge of an existing stone pier on Stonington Harbor.
By a vote of 4 to 1, the ZBA approved the variance for the following reasons:
 "The applicant has a need for close and immediate access to the water and has requested a variance from § 12.3 of the Zoning Regulations to encroach in the rear setback of his land with a deck to allow for direct offloading of lobsters into his lobster pound through a door at a height of four feet as required by FEMA regulations. The applicant has stated that this improvement will facilitate the operational efficiency of his water dependent business, and thereby reduce noise, traffic congestion and danger. This contention was not challenged. A rear yard restriction for this water dependent use is an unusual requirement, and although this use is not unique in the district, the topography of the land, the shape of the lot and the orientation of the lobster pound are unique to the applicant's land and are not self created. The Master Plan encourages diversity, and in order to foster that diversity it is prudent to enhance the efficiency and safety of legal uses. For these reasons we find that a literal enforcement of the regulations will cause exceptional difficulty or unnecessary hardship, and by granting this variance, substantial justice will be done.
By written stipulation, the parties agree that plaintiffs have and do own land within a radius of one hundred feet of the land owned by defendant, Garbo, and so statutory aggrievement is found.
This appeal focuses primarily upon the "hardship" standard for granting a variance and the difficult balancing between recognizing the liberal discretion granted to the ZBA and the need for a meaningful appeal to prevent the granting of a variance that does not meet legal standards.
 "Courts are not to substitute their judgment for that of the CT Page 80 board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . We, in turn, review the action of the trial court. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Citations omitted; internal quotation marks omitted.) . . .
 A variance constitutes permission to act in a manner that is otherwise prohibited under the zoning law of the town. (Citation omitted.) . . .
 It is well established, however, that the granting of a variance must be reserved for unusual or exceptional circumstances. (Citations omitted.)
 An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. (Citation omitted.) Accordingly, we have interpreted General Statutes (Rev. to 1993) § 8-6 . . . to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. (Internal quotation marks omitted; citations omitted.)
 Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. (Citations omitted.)
 A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; (citation omitted) and neither financial loss nor the potential for financial gain is the proper basis for granting a variance. (Citation omitted.)
 Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds CT Page 81 are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action. (Citations omitted.) . . .
 In order to justify a variance, the hardship must differ from the conditions that generally affect the property owners in the same area and it must arise from circumstances beyond the control of the property owner seeking the variance. (Citations omitted.) The hardship must originate in the regulation or ordinance and arise from the . . . application of the regulation or ordinance to the subject property. (Citations omitted.)
 Financial considerations are relevant only if the application of the regulation or ordinance practically destroys the value of the property for any use to which it may be put and the regulation or ordinance as applied to the subject property bears little relationship to the purposes of the zoning plan. (Citations omitted.)
Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206-209 (1995).
"In light of the existence of a statutory right of appeal from the decisions of local zoning authorities . . . a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty. . . ." Daughters of St. Paul,Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 57 (1988).
While the record clearly reflects that Garbo has a need for close and immediate access to the water to allow for direct off-loading of its lobsters, and the proposed deck would facilitate the operational efficiency of this water-dependent business, the record fails to support finding exceptional difficulty or unusual hardship to constitute a legal hardship.
"(T)he fact that an owner is prohibited from adding new structures to the property does not constitute a legally cognizable hardship. `If it is a hardship not to be able to use one's property as one wishes, then most setback variance applications would have to be granted.' T. Tondro, supra, pp. CT Page 8229-30 . . ." Bloom v. Zoning Board of Appeals, supra, at p. 211, fn. 13.
Further, nothing in the record permits a finding that the variance was necessitated or made essential by noise, traffic congestion or danger in the property. Garbo candidly indicated the request was "to enhance operational efficiency of the Garbo Lobster Company." Record, Item #3.
". . . (A) variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. It is for this reason that the rule is well established that the financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance. (Citation omitted.)" Garibaldi v. Zoning Board of Appeals, 163 Conn. 235,239 (1972).
The reference to FEMA regulations does not constitute a basis for legal hardship. See: Whitneyville Civic Association, Inc. v.Chorney, et al, No. CV95-0380416, 1996 Ct. Sup. 5986 (Aug. 23, 1996), where a setback variance to satisfy a federal requirement was overturned by Booth, J. in a well-reasoned opinion.
The zoning regulations of the Borough of Stonington provide for a rear yard setback as set forth in § 12.3 of the Zoning Regulations. While the ZBA may believe this is an unusual requirement for a water dependent use, this is not reason to find a legal hardship.
Although conceding the use in question is not unique in the district, the ZBA found "the topography of the land, shape of the lot and orientation of the lobster pound are unique to the applicant's land and are not self-created. . . ."
Again, there is nothing in the record to show conditions of the instant property differing from other affected properties to permit finding a legal hardship. "In order to justify a variance, the hardship must differ from the conditions that generally affect the property owners in the same area and it must arise from circumstances beyond the control of the property owner. . . . The hardship must originate in the regulation or ordinance and arise from the application of the regulation or ordinance to the subject property. . . . The owners have shown only that their building is located on an irregularly shaped lot CT Page 83 and `limitations imposed by the shape of the lot do not in themselves create a hardship'. . . ." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 210 (1995). It is evident from the Record that Garbo's very successful business will continue, although Garbo's preference for the deck is economically understandable.
The ZBA decision also indicates that "The Master Plan encourages diversity, and in order to foster that diversity it is prudent to enhance the efficiency and safety of legal uses." Again, while the statement is taken as factually correct, it is not, in the court's opinion, a valid legal reason to grant this variance.
"Disappointment in the use of the property does not constitute exceptional difficulty or unusual hardship. . . . Krejpcio v.Zoning Board of Appeals, 152 Conn. 657, 662, 211 A.2d 687 (1965). It is well established that the power to grant a variance should be sparingly exercised. Kaeser v. Zoning Board of Appeals,218 Conn. 438, 445, 589 A.2d 1229 (1991). . . ." Jaser v. ZoningBoard of Appeals, 43 Conn. App. 545, 547 (1996).
From the entire record, it is found that plaintiffs have met their burden to show the ZBA acted without valid reasons and sufficient justification to grant the variance in question. Nor does the court find waiver on the plaintiffs' part of the right to appeal, as alleged in Garbo's brief.
While this court is reluctant to overturn the ZBA's decision, recognizing the reasons for the liberal discretion granted to it, in the instant case, the record requires a finding of insufficient evidence to permit the granting of this variance.
Accordingly, the appeal is sustained.
Schimelman, J.